## BURKE et al. v. MESTA MACH. CO.
### Civ. A. No. 2744.

District Court, W. D. Pennsylvania.

Jan. 15, 1946.

Ernest G. Nassar, of Pittsburgh, Pa., for plaintiffs.

Reed, Smith, Shaw & McClay, of Pittsburgh, Pa., for defendant.

GOURLEY, District Judge.

This is an action brought by or in behalf of a group of employees of the defendant company, under Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 216(b), to recover alleged unpaid overtime compensation and an additional equal amount as liquidated damages plus counsel fees and costs.

The plaintiffs sue in behalf of themselves and of others similarly situated who have executed written warrants of authority to the plaintiffs, as a result of which there are

451 individual plaintiffs whose claims exist for adjudication.

It has been stipulated and agreed between counsel for the parties to this proceeding that the Amended and Supplemental Complaint and the Amended Answer shall be used in the adjudication of the issues which are now before the court for consideration.

The plaintiffs have filed a motion to strike certain parts of the Answer filed by the defendant, more particularly Paragraphs Seven and Eight as being irresponsive and insufficient in law, to grant judgment that the plaintiffs are entitled to damages, to direct an assessment of damages before the court, and for such other, further and different relief as to the court may seem just and proper.

It is claimed by the plaintiffs that the Amended and Supplemental Complaint contains the usual and necessary allegations, with respect to the employment of the plaintiffs in the production of goods for commerce, and their employment in excess of non-overtime hours as defined by the Act and alleges: "7. The regular rates of pay of plaintiff Massa and the employees of the defendant represented by the plaintiffs herein, are based upon an hourly rate of pay plus two agreed upon bonus plans, which bonus plans were at all times mentioned herein and still are part of the regular rate structure of the Company. One bonus is a so-called Ten (10%) percent bonus, in effect since on or about March 16, 1942, whereby all employees receive, in addition to their hourly rate. Ten (10%) percent of their earnings. Between on or about March 1, 1941, and March 16, 1942, this bonus was Six (6%) percent. The other bonus is a so-called incentive bonus, covering semi-skilled and skilled employees, based upon a plan whereby the time is estimated upon each individual operation and employees who perform work in less than such established standard time receive as additional compensation for such achievement pay for one-half of the time saved. Such bonus payments are part of the regular rate at which employees of the defendant at all times mentioned in the complaint were and still are employed."

The defendant in answer to the allegations set forth, in Paragraph Seven of said Amended and Supplemental Complaint, in the first instance, generally denys said averments "in toto" and then alleges facts which explain the two bonus plans. This raises questions of fact as to whether or not either one, or both, of the bonus plans should be considered in computing the regular rate of compensation under which time and half pay is computed by virtue of the provisions of Section 7 of the Fair Labor Standards Act, 29 U.S.C.A. § 207. The detailed allegations set forth in said Paragraph Seven of the Amended Answer being as follows: "Seventh: The averments of paragraph 7 of the Amended and Supplemental Complaint are denied as therein stated. During the period or periods of their employment by the defendant, each of the plaintiffs was engaged by the defendant to work at a regular hourly rate of pay, but the hourly rate of pay allowed any particular individual was subject to change from time to time. From a time long prior to October 24, 1938, defendant has paid to each of its production employees, during the period of his employment at its plant, an overtime rate equal to one and one-half times his regular hourly rate for all hours over eight worked in any regular work day, and for all hours over forty-four worked during any regular work week from October 24, 1938 until October 24, 1939, for all hours over forty-two worked in any regular work week between October 23, 1939 and October 23, 1940, and for all hours over forty worked in any regular work week since October 23, 1940. For so long as it was permitted by law to do so, the defendant paid all such employees at an overtime rate equal to twice the regular hourly rate for all work done on Sundays and holidays. Since a time long before October 24, 1938, the defendant has established times within which many of its manufacturing operations should be performed and completed. It has kept records of the names of the employees sharing in every such operation and of the extent to which he has contributed his time to the performance of every such operation; and defendant has in certain cases in which any such operation has been completed in less than the established time (and although it has been bound by no promise or agreement to do so) distributed thereafter a gratuity or incentive bonus among those employees who have shared in the performance of such operation, giving to each a share of the gratuity or bonus which has been based upon his regular hourly rate and upon the extent to which he has shared in the performance of the operation. In addition, between March 1, 1941 and March

16, 1942, the defendant paid to each of its employees (although it has been bound by no promise or agreement to do so) a bonus equivalent to six (6%) per cent. of his regular, overtime and incentive bonus earnings; and since March 16, 1942, it has paid to each of its employees a bonus equal to ten (10) per cent. of his regular, overtime and incentive bonus earnings."

It is furthermore contended by the plaintiffs that the allegations of fact set forth in Paragraph Eight of the Amended and Supplemental Complaint, which alleged, inter alia, that the defendant did not include either of the bonus earnings of the plaintiff employees for the purpose of computing the overtime pay, and that said bonus payments should have been included in computing the regular rate of pay. The allegations set forth in Paragraph Eight being as follows: "8. During the times mentioned in this complaint, defendant employed plaintiffs Massa and the other employees represented by the plaintiffs herein, for work-weeks longer than forty-four (44) hours from October 24, 1938, to October 24, 1939, and for work-weeks longer than forty-two (42) hours from October 24, 1939 to October 24, 1940, and for work-weeks longer than forty (40) hours from October 24, 1940, and failed and refused to compensate such employees for such employment in excess of forty-four (44) hours from October 24, 1938, to October 24, 1939; in excess of forty-two (42) hours from October 24, 1939, to October 24, 1940; and in excess of forty (40) hours from October 24, 1940, with not less than time and one-half times the regular rate at which such employees were employed, in that it did not include the bonus earnings of such employees in computing their regular hourly rate of pay for the purpose of calculating overtime compensation. The employment of the plaintiff, Massa, and of other employees represented by the plaintiffs for work-weeks in excess of forty-four (44) hours from October 24, 1938, to October 24, 1939, in excess of forty-two (42) hours from October 24, 1939, to October 24, 1940, without compensating them for such excess hours at a rate not less than one and one-half times the regular rate, including bonus earnings, at which they were employed, was and is in violation of Section 7 of the Act."

The defendant in answer to the allegations set forth in Paragraph Eight of said Amended and Supplemental Complaint, in the first instance, denies said averments "in toto" and then avers, inter alia, that the defendant has always paid to each of the plaintiffs a sum at least equal to, and even greater than, the amount required to be paid for overtime compensation. Although said allegation is clearly a conclusion of law on the part of the pleader, it certainly raises an absolute question of fact to be adjudicated in the trial of the issues here formed, the detailed allegations set forth in Paragraph Eight of said Amended Answer being as follows: "Eighth: The averments of Paragraph 8 of the Amended and Supplemental Complaint are denied. It may be true that, during many work weeks since October 24, 1938, the plaintiffs Schulz and Massa and various of the other plaintiffs aforesaid have on occasion worked more than the maximum number of hours permitted to be worked at regular rates by Section 7 of the Fair Labor Standards Act of 1938, but the defendant has always paid to every such employee a sum at least equal to, and often greater than, the amount required to be paid to him as overtime compensation under the provisions of said Act. In addition, since May of 1943, the defendant has computed and paid overtime compensation to all of its production employees who have shared in the so-called incentive bonus, in accordance with a formula which was intended to relate such overtime compensation to said bonus, and which was especially established and approved as a lawfully correct formula by the Wage and Hour Administration."

The questions, therefore, before the Court for consideration at this time are:

1. Has the defendant failed or neglected to comply with Rule 8, Subsection (b), of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in the preparation of its Answer, and does justification exist as a matter of law for the court to strike Paragraphs 7 and/or 8 of the Defendant's Answer, or any part thereof as being irresponsive or insufficient in law?

2. Are the plaintiffs as a matter of law entitled to the entry of judgment against the defendant on the pleadings?

Under the provisions of the Federal Rules of Civil Procedure, Rule 8(b), it is provided as follows: "(b) Defenses; Form of Denials. A party shall state in short and plain terms his defenses to each

138

claim asserted and shall admit or deny the averments upon which the adverse party relies. If he is without knowledge or information sufficient to form a belief as to the truth of an averment, he shall so state and this has the effect of a denial. Denials shall fairly meet the substance of the averments denied. When a pleader intends in good faith to deny only a part or a qualification of an averment, he shall specify so much of it as is true and material and shall deny only the remainder. Unless the pleader intends in good faith to controvert all the averments of the preceding pleading, he may make his denials as specific denials of designated averments or paragraphs, or he may generally deny all the averments except such designated averments or paragraphs as he expressly admits; but, when he does so intend to controvert all its averments, including averments of the grounds upon which the court's jurisdiction depends, he may do so by general denial subject to the obligations set forth in Rule 11."

■ Since the defendant in answer to Paragraphs 7 and 8 of the Amended and Supplemental Complaint generally denies the allegations of fact set forth in said paragraphs, it is the belief and opinion of the court that the defendant has complied with the provisions of said Rule, and has, therefore, definitely raised issues of fact to be ascertained at the trial of the cause. 41 American Jurisprudence, Page 392, Para. 146.

Even though the allegations of fact set forth by the defendant in part of its Answer to Paragraphs 7 and 8 could be correctly described as conclusions of law—

' Paragraph 7 of Answer—"Neither the so-called 'per cent. bonus' nor the so-called 'incentive bonus' was ever a part of the regular rate of pay of any plaintiff, under the Fair Labor Standards Act." (Pages 3 and 4 of Amended Answer.)

Paragraph 8 of Answer—"But the defendant has always paid to every such employee a sum at least equal to, and often greater than, the amount required to be paid to him as overtime compensation under the provisions of said Act." (Pages 4 and 5 of Amended Answer.)

Certainly questions of fact have been raised in the general denial set forth by the defendant in Paragraphs 7 and 8 of its answer, and the relevancy of the additional facts set forth by the defendant can only be properly considered by the court in the trial of the cause.

In addition thereto, the defendant contends that the motion to strike Paragraphs 7 and 8, or any part thereof, from its answer is improper since a motion to strike cannot be used to test the legal sufficiency of a pleading, and to be successfully maintained must fall within the provisions of Rule 12(f) of the Federal Rules of Civil Procedure.

■ It is provided in Rule 12(f), 22 U.S.C.A. following section 723c, that upon motion by a party, the court may order any redundant, immaterial, impertinent or scandalous matter stricken from any pleading. We will, therefore, consider the most liberal definition of the words referred to in Rule 12(f) :

"Redundant"—The statement of facts which are wholly foreign to the issue intended to be denied or the needless repetition of immaterial averments.

"Immaterial"—Having no essential or important relationship to the averment intended to be denied. A statement of unnecessary particulars in connection with, and as descriptive of, what is material.

"Impertinent"—A statement of matters applied to facts which do not belong to the matter in question, and which is not necessary to the matter in question.

"Scandalous"—Unnecessary matter or facts criminatory of a party referred to in the pleading.

In interpeting said Rule as it applies to the instant case, the court has also considered that motions to strike have been allowed under the common law and that under the equitable powers of the court, such a motion can be entertained apart from any rule of court.

■ However, in order to succeed in a motion to strike out matter from an answer, it must be shown that the matter criticized is so unrelated to the complainant's claim as to be unworthy of any consideration as a defense.

■ Also if the part of the answer objected to be found to be so connected with the subject matter of the complainant's suit that it may fairly be deemed to present some question, of either law or fact, which the court ought to hear and determine, then it cannot be stricken out as im-

pertinent but must be considered, and its sufficiency must be passed upon as a defense, either of fact or law, to the action.

A motion to strike was never intended to furnish an opportunity for the determination of disputed and substantial questions of law, and, therefore, without attempting to pass upon the question whether the allegations of the Answer in this case to which the motion to strike is addressed constitute a defense and, without intimating that they do, I conclude only that the allegations are of such a character that their sufficiency ought not to be determined summarily upon a motion to strike and therefore, the plaintiffs' motion as it relates to the allegations in said Amended Answer is denied. Sbicca-Del Mac, Inc., v. Milius Shoe Co., D.C., 36 F.Supp. 623; Samuel Goldwyn, Inc., et al. v. United Artists Corporation et al., D.C., 35 F.Supp. 633.

We will then proceed to the second question involved in the motion to strike. Are the plaintiffs as a matter of law entitled to the entry of judgment against the defendant on the pleadings?

There are involved in this proceeding 451 separate plaintiffs or employees of the defendant, each of whom claims he is entitled to overtime compensation and that the defendant did not include the two types of bonus hereinbefore referred to in computing the regular rate of pay.

It is the obligation of each plaintiff to establish that he is entitled to the benefits of the Act, and that he has not received them, i. e.:

(a) That the defendant was engaged in the production of materials sold in other states, or engaged in interstate commerce.

(b) That each plaintiff performed work which consisted of the production of goods for interstate commerce.

(c) That while engaged in the performance of work which produced materials used in interstate commerce, said plaintiff has been required to work overtime hours and has been denied his proper overtime pay.

This has been consistently held by our appellate courts: Warren Bradshaw Drilling Co. v. Hall, Agent, 317 U.S. 88, 63 S.Ct. 125, 87 L.Ed. 83; Mt. Clemens Pottery Co. v. Anderson, 6 Cir., 1945, 149 F.2d 461; Toppin v. 12 East 22nd Street Corporation, D.C.S.D.N.Y.1944, 55 F.Supp. 887; Feldman v. Roschelle Bros., Inc., D.C.S.D.N.Y., 1942, 49 F.Supp. 247; and Wagner v. American Service Co., D.C.Iowa, 1944, 58 F. Supp. 32.

It is, therefore, obvious that the court can not direct the entry of judgment in favor of any one of the plaintiffs against the defendant, and without the expression of any view as to how the questions raised in the Answer as to this problem should be decided, it is the opinion of this court that the matters should be considered only after a hearing upon the merits and upon the principles of law heretofore stated, and, therefore, the motion requesting that judgment be entered in favor of the plaintiffs against the defendant is denied.

For reasons which are self-evident in the foregoing opinion, the third and fourth requests in the Motion to Strike the Answer are dismissed without comment.

Therefore, the motion of the plaintiffs is denied, and an order of court will be signed accordingly.