338 P.2d 270

STATE of Idaho, Plaintiff-Respondent,

v.

William Bronson MAYER, Defendant-Appellant.

No. 8583.

Supreme Court of Idaho.

April 8, 1959.

Rehearing Denied May 13, 1959.

Frank L. Benson, Atty. Gen., B. James Koehler, Jr., Robert D. Wennergren, and Wm. E. Swope, Asst. Attys. Gen., and Dwain L. Welch, Prosecuting Atty., Payette, for respondent.

Vernon K. Smith, Boise, for appellant.

TAYLOR, Justice.

Defendant (appellant) was convicted of unlawful possession of a narcotic drug—marijuana cigarettes—and was sentenced to one year in the state prison under authority of I.C. § 37–2320.

Judgment was made and entered November 4, 1955. On the same day defendant filed notice of appeal purporting to appeal from a judgment entered October 19, 1955. The notice was not served as required by I.C. § 19–2806, within thirty days of the rendition of the judgment, I.C. § 19–2805, or at all. Hence, the appeal was not perfected and the notice was ineffectual for any purpose. State v. Golden, 67 Idaho 497, 186 P.2d 485.

On the same day the judgment was rendered, defendant procured from the trial judge a certificate of probable cause for appeal, and on the next day, November 5th, he procured one, R. L. Long, of Great Falls, Montana, to deposit with the clerk the sum of $1,000 in lieu of bail, and was released from custody. The appeal not having been further prosecuted, on June 1, 1956, on motion of the prosecuting attorney, the court made and entered its order forfeiting the deposit, made in lieu of bail, and directing the clerk to issue a bench warrant for the arrest of the defendant in execution of the judgment.

Thereafter, defendant was arrested in Great Falls, Montana, and returned to Idaho. He then procured his present counsel and on September 14, 1956, filed a motion for reinstatement of bail and for reinstatement of his appeal. In his affidavit supporting the motion, defendant avers that at the time judgment was entered he instructed his then attorney to perfect and prosecute an appeal; that he left money with a friend in Boise and arranged with him to pay all costs and expenses of the appeal; that, thereafter, by letter and telephone he contacted his attorney and the friend, with whom he had left the costs, frequently and was advised that the appeal was pending; that he did not know the appeal had not been perfected and was not being prosecuted until he was arrested upon the bench warrant; and that the failure to perfect

and prosecute the appeal was the fault of his then attorney and was not due to any fault or neglect on the part of the defendant.

On the same day, September 14th, defendant filed a motion for probation and requesting a presentence investigation. The court took these motions under advisement and admitted the defendant to bail in the sum of $500, and allowed the defendant ninety days within which to file and serve notice of appeal and to file and serve a transcript of the evidence. May 3, 1957, the court entered its order denying the motion for reinstatement of bail and reinstatement of appeal. Defendant thereupon filed notice of appeal, order for transcript, and certificate of probable cause for appeal. This notice of appeal filed and served May 3, 1957, purports to appeal from (1) the judgment of November 4, 1955; (2) the order of June 1, 1956, forfeiting "bail bond and undertaking"; (3) the order of May 3, 1957, denying defendant's motion "to reinstate his bail and to set aside such forfeiture"; (4) and the order of May 3, 1957, denying probation. No ruling on the motion for probation appears in the record.

■ The attempted appeal from the judgment, and from the order of June 1, 1956, not being taken within thirty days as required by I.C. § 19–2805, is ineffectual and cannot be considered. State v. Golden, 67 Idaho 497, 186 P.2d 485.

■ The right to relief from forfeiture of bail or lieu deposit is governed by statute. People v. Hrjak, 85 Cal.App. 301, 259 P. 353; 8 C.J.S. Bail § 91; Annotation 84 A.L.R. 427, et seq.; Van Gilder v. City & County of Denver, 104 Colo. 76, 89 P.2d 529. The applicable law provides:

"If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, is thereupon declared forfeited. But if at any time within twenty days after such entry in the minutes, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture of the undertaking or the deposit to be discharged upon such terms as may be just." I.C. § 19–2927.

"If, by reason of the neglect of the defendant to appear, money deposited instead of bail is forfeited, and the forfeiture is not discharged or remitted, the clerk with whom it is deposited must, at the end of thirty days, unless

the court has before that time discharged the forfeiture, pay over the money deposited to the county treasurer." I.C. § 19–2929.

In California the time limited by similar statutes is 90 days. There it was held that relief must be applied for within that time. Leach v. Dinsmore, 22 Cal.App.2d Supp. 735, 65 P.2d 1364.

Here appellant's motion for relief from forfeiture of his cash deposit was made more than three months after the forfeiture, and the deposit presumably had been paid over to the county treasurer. The court could not grant the relief asked. 8 C.J.S. Bail § 91b., p. 183; Annotation 84 A.L.R. 427, et seq.; 7 Cal.Jur.2d, Bail & Recognizance, § 41; State v. Smith, 177 Okl. 321, 59 P.2d 410.

On petition of the defendant, a writ of habeas corpus was issued on September 14, 1956. After hearing thereon the court made and entered its order quashing the writ and remanding the defendant to the custody of the sheriff. Defendant appealed. By his petition appellant contends the district court lacked jurisdiction to make and enter the judgment of November 4, 1955, for the reason that I.C. § 37–2320, as amended, is inconsistent and irreconcilable with I.C. § 37–2322, and since Chapter 23, of Title 37, Idaho Code, does not specifically provide a punishment for unlawful possession of narcotics, the punishment provided by § 37–2320, as amended, is the more applicable punishment, and is the punishment provided for the offense charged.

Chapter 23, of Title 37, Idaho Code, contains the law regulating the manufacture, sale and distribution of narcotic drugs. The sections referred to by appellant provide penalties for violations of the act and are as follows:

"Any person violating any provision of this act shall upon conviction be punished, for the first offense, * * * by a fine not exceeding one thousand (1,000) dollars, or by imprisonment in the state prison for not less than one or more than fourteen years, or by both such fine and imprisonment, and for any subsequent offense by a fine of not less than one thousand (1,000) dollars, or by imprisonment in the state prison for not less than five or more than fourteen years, or by both such fine and imprisonment." I.C. § 37–2320, as amended.

"Any violation of the provisions of this act, the penalty for which is not herein specifically provided shall be deemed a misdemeanor and punishable as such." I.C. § 37–2322.

It is obvious the two sections are inconsistent. Each purports to provide the penal-

ty for any violation of the act, and each provides a different penalty. Section 37–2322 is limited in its application to a violation, "the penalty for which is not herein specifically provided." However, § 37–2320 is general in terms and applies to all violations, and the act contains no specific penalty for unlawful possession of a narcotic drug.

Section 37–2320 was amended by Chapter 7 of the 1953 session laws. The amendment increases the penalty for a first offense from that provided for a misdemeanor to the grade of a felony, and also increases the penalty for a subsequent offense.

■ Where two statutes dealing with the same subject are inconsistent and irreconcilable and one is enacted after the other, the later act repeals the first by necessary implication. These sections as originally enacted in 1937 were not inconsistent, although as to misdemeanors they were duplicitous. In this situation, the later expression of the legislative will, that any violation of the act should be punished as a felony, would indicate an oversight in its failure to expressly repeal § 37–2322. Section 37–2320, as amended, is therefore controlling and provides the penalty for the offense of which defendant was convicted. The district court did not exceed its juris-

diction in pronouncing the judgment entered. State v. Davidson, 78 Idaho 553, 309 P.2d 211.

■ Appellant was granted a second writ of habeas corpus based upon a petition in which he challenges the judgment on the ground that it is unauthorized by Chapter 23, Title 37, in that the title to the act as originally enacted in 1937, contains no reference to any prohibitions concerning possession of narcotic drugs; and therefore the provisions of the act making possession unlawful and subject to the penalties of § 37–2320, are void under Article 3, § 16 of the Constitution. This constitutional provision requires:

"Every act shall embrace but one subject and matters properly connected therewith, which subject shall be expressed in the title; * * *." Art. 3, § 16, Idaho Constitution.

That portion of the title of Chapter 131, 1937 session laws, applicable here, is as follows:

"To regulate the manufacture, sale and distribution of narcotic drugs and to make uniform the law with reference thereto; defining certain terms; providing that the department of law enforcement shall have in charge the enforcement of said act; defining the

duties and powers of the department of law enforcement in connection therewith; providing for the issuances of licenses and defining the powers and duties of physicians, dentists and veterinarians under said act; exempting certain preparations; exempting certain persons and corporations from the provisions of this act; providing penalties for the violation of said act; * * *."

It is noted that the title contains no reference to "possession". However, the words, "To regulate the manufacture, sale and distribution of narcotic drugs" are broad enough to embrace possession. Possession is a matter not only properly, but necessarily, connected with the regulation of the manufacture, sale and distribution of narcotics, as expressed in the title.

The district court did not err in quashing the second writ. In re Crane, 27 Idaho 671, 151 P. 1006, L.R.A.1918A, 942; Robbins v. Joint Class A. School Dist. No. 331, 72 Idaho 500, 244 P.2d 1104.

The orders appealed from are affirmed.

SMITH, KNUDSEN and McQUADE, JJ., and MARTIN, D. J., concur.

PORTER, C. J., not participating.