408 P.2d 155

**STATE of Idaho, Plaintiff-Respondent,**

**v.**

**Marion B. OVERBY, Defendant-Appellant.**

**No. 9582.**

Supreme Court of Idaho.

Nov. 22, 1965.

A. A. Merrill, Idaho Falls, for appellant.

Ferebauer & Barnard, Idaho Falls, Allan G. Shepard, Atty. Gen., Boise, Jack G. Voshell, Pros. Atty., Idaho Falls, for respondent.

**44**

McQUADE, Chief Justice.

In 1963 Marion B. Overby was arrested on two separate felony complaints. United Bonding Insurance Company posted two bail bonds of $1,000 each to guarantee Overby's appearance at court proceedings.[1]

In January 1964 Overby appeared with his attorney before the district court, pleaded not guilty to the charges and asked his bail be continued which request was granted. The district judge at that time advised Overby that the court would set the case for trial and also advised him "to keep in touch" with his attorney so that he would be aware of the trial date.

On February 3, 1964, Overby appeared before the court with his attorney and requested a continuance of both cases over the term and that bail be continued. Both requests were granted and Overby was informed that the opening day of the June term was June 2, 1964, and that it would be necessary for him to appear at that time.

Overby failed to appear on June 2 and a bench warrant was issued for his arrest. The bonds were ordered forfeited and formal orders for the same were entered on June 4.

On June 12 Overby was seen by an agent of the bonding company, who immediately called the sheriff. A deputy sheriff arrived and arrested Overby.

On June 19 Overby, on his own application and without counsel, appeared in chambers to enter a guilty plea. At that time he was questioned by the trial judge as to his failure to appear on June 2. Overby answered that he was in town on June 2 and did not appear. He was then told that this was the reason the bonds were forfeited.

On July 13 the district court, on the motion of the prosecuting attorney, dismissed one of the two felony charges against Overby because he had been sentenced to serve a prison term on the other felony charge pursuant to a plea of guilty.

On July 14, more than 30 days after he failed to appear at the opening day of the June term, Overby, by and through his bondsman, moved to cancel the orders for-

---

[1]. The pertinent language of the surety contracts reads as follows:

"Now we, United Bonding Insurance Company * * * hereby undertake that the above named Marion Overby will appear and answer the charge above mentioned in whatever Court it may be prosecuted; that he will at all times render himself amenable to the orders and process of the Court and, if convicted he will appear for judgment and render himself in execution thereof, or if he fails to perform any of those conditions, that we will pay to the the sum of One Thou- (City or State) sand & no/100 Dollars."

feiting the bonds and to exonerate the United Bonding Insurance Company. The motion was denied on August 28 and this appeal followed.

The right to relief from forfeiture of bail is governed by statute. State v. Mayer, 81 Idaho 111, 338 P.2d 270 (1959). After a bail's bond has been ordered forfeited, its right to relief is governed by I.C. § 19–2927, which reads:

"Forfeiture of bail.—If, without sufficient excuse, the defendant neglects to appear for arraignment or for trial or judgment, or upon any other occasion when his presence in court may be lawfully required, or to surrender himself in execution of the judgment, the court must direct the fact to be entered upon its minutes and the undertaking of bail, or the money deposited instead of bail, as the case may be, is thereupon declared forfeited. But if at any time within twenty days after such entry in the minutes, the defendant or his bail appear and satisfactorily excuse his neglect, the court may direct the forfeiture of the undertaking or the de-

posit to be discharged upon such terms as may be just."

While Overby appeared within 20 days of the orders of forfeiture, the record indicates he made no attempt to "satisfactorily excuse his neglect," one of the statute's requirements for relief from forfeiture. In addition, the statute requires the defendant or his bail to make *application* for relief within 20 days of the entry of the order of forfeiture in the minutes. People v. Stuyvesant Insurance Company, 216 Cal. App.2d 380, 31 Cal.Rptr. 208 (1963); State v. Mayer, supra; People v. Black, 55 Cal. 2d 275, 10 Cal.Rptr. 459, 358 P.2d 915 (1961); People v. Walling, 195 Cal.App.2d 640, 16 Cal.Rptr. 70 (1961); Leach v. Dinsmore, 22 Cal.App.Supp.2d 735, 65 P.2d 1364 (1937). In the present case the order of forfeiture was entered in the minutes on June 2, 1964. The motion for "cancellation" of such order was not made until July 14, 1964. Therefore, appellant's motion came too late to secure the relief requested. State v. Mayer, supra.

The bonding company asserts that by having Overby arrested, it did all that was required under I.C. §§ 19–2924 and 19–2925 [2] to exonerate the forfeiture. I.C.

---

2. "19–2924. Surrender of defendant by bail.—At any time before the forfeiture of their undertaking, the bail may surrender the defendant in their exoneration, or he may surrender himself to the officer in whose custody he was committed at the time of giving bail in the following manner:

"1. A certified copy of the undertaking of the bail must be delivered to the officer, who must detain the defendant in his custody thereon as upon a commitment, and by a certificate in writing acknowledge the surrender.

"2. Upon the undertaking and the certificate of the officer, the court in which

§ 19–2924 requires the surrender of the defendant *before the forfeiture* of the bond. Overby was not taken into custody until *after* the bond was ordered forfeited. I.C. § 19–2925 explains how the bail, "[f]or the purpose of surrendering the defendant," may arrest the defendant. We need not decide whether the bonding company complied with the statutory requirements for the arrest of Overby, for this section relates back to I.C. § 19–2924 and its employment of the term "surrender." As noted above, such surrender must occur prior to the forfeiture.

■■■■ The bonding company also contends that because one of the charges against Overby was dismissed, it should be relieved from liability on the bond it posted for that charge. This contention has no support in the statute. The purpose of a bail bond is merely to assure the defendant's appearance at judicial proceedings[3] and is completely unrelated to a defendant's guilt or innocence. United States v. Capua, 94 F.2d 292 (7th Cir. 1938); United States v. Russo, 7 F.Supp.

391 (E.D.N.Y.1934); Detroit Fidelity & Surety Co. v. United States, 59 F.2d 565 (8th Cir. 1932). Once the terms of the bond are breached, the court is required to enter such facts in the minutes, thereby causing forfeiture under I.C. § 19–2927, and the bail becomes liable for the face amount of the bond. In the absence of statutory provisions to the contrary, subsequent proceedings with respect to the criminal charge against the accused have no bearing on the bail's civil liability arising from the defendant's failure to appear for judicial proceedings at the appropriate time and place.

■■■■ The bonding company claims that because it acted in good faith and diligently endeavored to bring Overby before the court, it should be exonerated from liability. Although a California statute[4] provides for the bail's relief from forfeiture when the defendant's failure to appear is not due to the aid or connivance of the surety, the Idaho statute contains no such provision. The only ground upon which relief may be granted after forfeiture is the

the action or appeal is pending may, upon notice of five days to the prosecuting attorney of the county, with a copy of the undertaking and a certificate, order that the bail be exonerated, and on filing the order and the papers used on the application, they are exonerated accordingly."
"19–2925. Arrest of defendant for surrender.—For the purpose of surrendering the defendant, the bail, at any time before

they are finally discharged, and at any place within the state, may themselves arrest him, or by a written authority indorsed on a certified copy of the undertaking, may empower any person of suitable age and discretion to do so."

3. See the terms of the bond in footnote 1, supra.

4. Cal.Penal Code, § 1305.

excusable neglect of the defendant for failing to appear. I.C. § 19–2927.

Failing to satisfy the statute's requirements for relief from forfeiture, the bonding company is not entitled to such relief.

The order denying United Bonding Insurance Company's motion to cancel the forfeiture order is affirmed.

McFADDEN, TAYLOR, SMITH, and KNUDSON, JJ., concur.