408 P.2d 158

**COUNTY OF BONNEVILLE, a political subdivision of the State of Idaho, Plaintiff-Respondent,**

v.

**UNITED BONDING INSURANCE COMPANY, a corporation, Defendant-Appellant.**

No. 9621.

Supreme Court of Idaho.

Nov. 22, 1965.

Ferebauer & Barnard, Idaho Falls, Allan G. Shepard, Atty. Gen., Boise, Jack G. Voshell, Pros. Atty., Idaho Falls, for respondent.

A. A. Merrill Idaho Falls, for appellant.

**40**

McQUADE, Chief Justice.

This action was instituted by the County of Bonneville pursuant to I.C. § 19–2928.[1] The facts are set out in a companion case, State v. Overby, 90 Idaho 41, 408 P.2d 155 (1965). The bonding company posted two bail bonds of $1,000 each to assure the appearance of Marion B. Overby at certain judicial proceedings. Overby failed to ap-

---

1. "19–2928. Enforcement of forfeiture.—If the forfeiture is not discharged, as provided in the last section, the prosecuting attorney may, at any time after twenty days from the entry upon the minutes, as provided in the last section, proceed by action in the name of the county, against their bail upon their undertaking."

pear at the required time and the bonds were ordered forfeited on June 2, 1964. The formal order was entered on June 4, 1964. On July 14, 1964, Overby, by and through his bondsman, moved to cancel the forfeiture orders. This motion was denied and we affirmed the judgment of the district court. State v. Overby, supra.

In the present action to enforce the order of forfeiture, the bonding company set up numerous allegations in support of affirmative defenses. On the motion of the plaintiff, the trial court struck certain of these allegations from the defendant's answer. The bonding company asserts error in this ruling.

Under Rule 12(f) of the Idaho Rules of Civil Procedure, "the court may order stricken from any pleading any insufficient defense or any * * * immaterial * * * matter." The trial court found these allegations immaterial to the issues presented and we agree. These allegations went to the same matter the bonding company asserted in its prior motion to cancel the forfeiture orders and its appeal from the ruling denying such motion. The issues created by such allegations have been determined in State v. Overby, supra.

There was no error in the trial court's ruling to strike the defenses or in entering judgment for the County.

The judgment in favor of the County of Bonneville against United Bonding Insurance Company for $2,000 plus $400 attorney fees is affirmed.

Costs to respondent.

McFADDEN, TAYLOR, SMITH and KNUDSON, JJ., concur.