446 P.2d 895

Sharal **STEWART**, Individually, and as guardian ad litem for Dennis Dean Stewart, a minor child, Plaintiffs-Appellants,

v.

**ARRINGTON CONSTRUCTION COMPANY,** Inc., an Idaho Corporation, Defendant-Respondent.

No. 10194.

Supreme Court of Idaho.

Nov. 8, 1968.

---

528

Reed J. Bowen, Idaho Falls, for plaintiffs-appellants.

Albaugh, Bloem, Smith & Pike, Idaho Falls, for defendant-respondent.

SPEAR, Justice.

On this appeal, the appellants' sole contention is that it was improper for the trial court to summarily dismiss appellants' second cause of action. The question presented is whether the sufficiency of a cause of action alleging rights as a third party beneficiary pursuant to a public works construction contract can properly be tested by a motion to strike. We conclude that a cause of action cannot be tested by a motion to strike.

On the night of January 3, 1966, Ivan Stewart was driving his propane gas delivery truck on Garfield Street in Idaho Falls. The street was undergoing certain construction in that Arrington Construction Company (respondent herein), was installing sewer pipe pursuant to a contract with the City of Idaho Falls. Due to the presence of a trench in the north lane, traffic was forced to use only the south lane for a distance of about 200 yards. Half way down this stretch of road, Stewart encountered a car coming in the opposite direction. Stewart pulled off to his left to let the car pass and as he did so, an outcropping of rock struck certain piping under his truck, knocking it off, and allowing the propane gas to escape. The gas ignited, possibly as a result of contacting the hot exhaust pipe on the truck, and a holocaust ensued in which the truck was destroyed and Stewart badly burned. Stewart died, as a result of these burns, some 17 days later.

Appellants, decedent's wife and child, brought this action to recover damages for the destruction of the truck and the death of the husband and father. The original complaint stated two causes of action, one in tort and one in contract. By the first count appellants alleged that respondent was negligent in not maintaining proper warning devices for the benefit of the traveling public. The second count, in contract, alleged the same facts concluding that respondent breached its contract with the city by not maintaining proper warning devices and that appellants were third party beneficiaries of that contract.

On a motion to strike made prior to answer, the district court summarily dismissed the second cause of action. The cause proceeded to trial on the tort theory alone. The result was a general verdict in favor of the respondent.

In disposing of this case, we first turn to the procedural question. We feel compelled to discuss the procedure at some length, due to the apparent misunderstanding of the proper motion to test the sufficiency of a complaint. Since our rules of civil procedure are substantially similar to the Federal Rules of Civil Procedure, cases construing the federal rules are persuasive. However, it must be borne in mind that the I.R.C.P. are subject to the interpretation of this court.

I.R.C.P. 12(f) provides:

"Upon motion made by a party before responding to a pleading or, if no responsive pleading is permitted by these rules, upon motion made by a party within [twenty] 20 days after the service of the pleading upon him or upon the court's own initiative at any time, the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." (emphasis added)

The wording of this rule indicates that a motion to strike is not the proper or authorized method for securing the *dismissal* of a complaint. Note I.R.C.P. 12(b). A 12(f) motion is the proper motion for at-

tacking an insufficient defense. 1948 Notes of the Advisory Committee on Rules for Civil Procedure, 3A Barron and Holtzoff, Federal Practice and Procedure 438 (1958). A motion to strike can be used, with respect to a complaint, only to eliminate unnecessary or objectionable verbage. A complaint or a defense will still stand after a 12(f) attack, stripped only of redundant,[1] immaterial,[2] impertinent,[3] or scandalous[4] matter. Motions to strike will not be granted if the result would render the complaint meaningless. 1A Barron and Holtzoff, Federal Practice and Procedure 469 (1960). Allegations in a complaint which allege one ground of relief will not be stricken upon a motion to strike if the ground is sufficient to claim relief on *any* other ground. American Foods v. Dezauche, 74 F.Supp. 681 (D.N.Y.1947). 1A Barron and Holtzoff, Federal Practice and Procedure 472 (1960).

██ A complaint may be dismissed by a motion made pursuant to I.R.C.P. 12(b). This motion, consisting of several subsections, is essentially divided into two main categories: 12(b) (6) motions and all others. All motions made pursuant to 12(b) must state with particularity the grounds upon which relief is sought. I.R.C.P. 7(b) (1). This is necessary in order that a complaint not be dismissed prematurely on improper or vague grounds. Both the com-

plaint and the 12(b) motion must be liberally construed so as to do substantial justice. I.R.C.P. 8(f). Doubts should be resolved in favor of the complaint. With the exception of 12(b) (6), "particularity" presents no problem since the remaining subsections are directed to specific insufficiencies.

Subsection (6) of Rule 12(b) presents peculiar problems, since it is couched in rather vague terms. This rule is itself divided into two parts, resulting in two optional approaches to the sufficiency of a claim. The first approach is the true 12(b) (6) procedure. The second approach is the Rule 56 or summary judgment procedure.

██ Pursuant to the true 12(b) (6) approach, the court does not accept affidavits, but it may consider uncontroverted facts in the pleadings which establish an affirmative defense, such as the statute of frauds. 1A Barron and Holtzoff, Federal Practice and Procedure 303–05. Where other matters are incorporated by reference in the pleadings, the court may properly consider such matters in passing on the motion attacking the pleadings. Henry v. United States Trucking Corp., 161 F.Supp. 67 (D.N.J.1958).[5] 1A Barron and Holtzoff, Federal Practice and Procedure 369 (1960).

---

1. Facts which are wholly foreign to the issue, needless repetition of immaterial averments. Burke v. Mesta Mach. Co., 5 F.R.D. 134 (D.Pa.1948); Salem Eng. Co. v. National Sup. Co., 75 F.Supp. 993 (D.Pa.1948); 1A Barron and Holtzoff, Federal Practice and Procedure 466 (1960).

2. Matter having no essential or important relationship to the averments or unnecessary particulars, history and description, or allegations which have previously been eliminated by way of summary judgment. Burke v. Mesta Mach. Co., supra; County of Bonneville v. United Bonding Ins. Co., 90 Idaho 39, 408 P.2d 158 (1965); 1A Barron and Holtzoff, Federal Practice and Procedure 469 (1960).

3. Statements which do not pertain and are not necessary to the issues in ques-

tion. Schenley Distillers Corp. v. Renken, 34 F.Supp. 678 (D.S.C.1940); Burke v. Mesta Mach. Co., supra; 1A Barron and Holtzoff, Federal Practice and Procedure 471 (1960).

4. Unnecessary matter or facts derogatory to a person referred to in the pleading. Hughes v. Kaiser Jeep Corp., 40 F.R.D. 89 (D.S.C.1966); Burke v. Mesta Mach. Co., supra; 1A Barron and Holtzoff, Federal Practice and Procedure 472 (1960).

5. At this point it is worthwhile to note that in pleading a contract it is possible to incorporate the contract by reference. Furthermore, it is desirable, but not mandatory, to attach a copy of the contract to the complaint as an exhibit. Note Form 12 of the Federal Forms.

It is at this point, with the true 12(b) (6) motion, that the distinction must be drawn between "failure to state a claim upon which relief may be granted" and the historical "failure to state a cause of action." All that 12(b) (6) alone requires by way of a complaint is a generalized statement of facts from which the defendant may frame a responsive pleading; thus, if a bona fide complaint is filed that charges every element necessary to recovery, summary dismissal is not justified. New Home Appliance Center v. Thompson, 250 F.2d 881 (10th Cir. 1957). The court should be especially reluctant to dismiss on the pleadings where the asserted theory of liability is novel or unusual since it is important that such legal theories be explored and assayed in the light of actual facts, not a pleader's supposition. Shull v. Pilot Life Ins. Co., 313 F.2d 445, 447 (5th Cir. 1963). 1A Barron and Holtzoff, Federal Practice and Procedure 75 (Supp. 1967). The basic test for the sufficiency of a complaint here is "whether in the light most favorable to the plaintiff, and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claim." Long v. McGlon, 263 F. Supp. 96, 97 (D.S.C.1963). 1A Barron and Holtzoff, Federal Practice and Procedure 363 (1960). The liberal test for sufficiency of a complaint makes it difficult to avoid it under the test of I.R.C.P. 12(b) (6) alone.

The validity of a complaint is more properly tested by the summary judgment procedure of I.R.C.P. 56. The motion to dismiss serves its most useful purpose where from the pleadings *and documented proof available* no controverted fact issue remains and only questions of law are to. be decided.

When a 12(b) (6) motion is made, supported by affidavits and other materials which the court chooses to consider, the motion is then properly treated as one for summary judgment. I.R.C.P.

12(b) and 56; Rush v. G-K Machinery Co., 84 Idaho 10, 367 P.2d 280 (1961). The use and effect of the summary judgment procedure is much like that of the pretrial conference. It helps to separate the real issues and facts from the spurious ones; to eliminate the chaff from the wheat. If the claims or defenses are all chaff, they are eliminated completely. The moving party is entitled to a final judgment as to any part or all of the complaint or answer if, after examination of pleadings, affidavits and depositions, it appears that the party against whom the motion was made failed to raise any material issue of fact which, under some theory of law, would entitle him to prevail. In passing on this motion the court must not try issues of fact, it must only determine if issues of fact exist and if the facts are material. I. R.C.P.(c); Anderton v. Waddell, 86 Idaho 220, 384 P.2d 675 (1963).

Thus, it is apparent that pursuant to a 12(b) (6) motion, the court has the option to consider only the complaint or to consider the entire record. 2A Moore's Federal Practice 2256 (2d Ed. 1968). The difference is a test of law as distinguished from a test of facts. Furthermore, the moving party has the option to test the law and reserve a right to test the facts, i. e., by making a 12(b) (6) motion, reserving a Rule 56 motion.

In accord with the foregoing, we hold that dismissal of the second count of appellants' complaint was improper. Appellants alleged that they had third party beneficiary rights by virtue of the agreement between the contractor and the city. This court has previously ruled that such a right can exist. Davis v. Nelson-Deppe, Inc., 91 Idaho 463, 424 P.2d 733 (1967); Jones v. Adams, 67 Idaho 402, 182 P.2d 963 (1947); Ashbauth v. Davis, 71 Idaho 150, 227 P.2d 954, 32 A.L.R.2d 361 (1951). In light of this precedent and I.C. § 29–102 [6], it would be improper to *summarily* dismiss an alleged third party beneficiary

6. "A contract, made expressly for the benefit of a third person, may be enforced

by him at any time before the parties thereto rescind it."

right by granting a 12(b) (6) motion, let alone by granting a 12(f) motion. Such a cause of action is properly tested by Rule 56 summary judgment procedure. The trial court should have considered the provisions of the contract in question to see if it "manifested an intent to benefit a third person," i. e., the plaintiffs here. Davis v. Nelson-Deppe, Inc., supra.

 It is the summary dismissal which requires reversal here, not the denomination as a "motion to strike." Substance governs, not form. Golaris v. Jewel Tea Co., 22 F.R.D. 16 (D.C.Ill.1958). 2A Moore's Federal Practice 2246 (2d Ed. 1968). The name given a motion is not critical; but when it does not affirmatively appear what was considered by the trial court in resolving a designated motion, we must assume that the court complied with no more than the proper procedure in the consideration given such motion. Here, a motion to strike was offered and granted. Without an indication that the contract in question was considered, we assume it was not considered, as it normally would not be in passing on a motion to strike. If the provisions of the contract were not considered, the cause of action was improperly dismissed. The fact that appellants still retained their other cause of action does not validate this dismissal. A plaintiff is entitled to plead and prove as many claims for relief as to which he believes he is entitled. I.R.C.P. 8(a), 8(e) (2).

 Since this case must be·reversed and remanded for a determination of the manifested intent of the contract between respondent construction company and the City of Idaho Falls making appellants third party beneficiaries, we shall discuss some of the issues which must be considered. I.C. § 1–205. To begin with, the contract itself must express an intent to benefit decedent or appellants. I.C. § 29–102. Absent a manifested intent to the contrary, construction contracts between a contractor and a state or other public body are generally not considered as being for the benefit of third persons. They are for the benefit of the state and the contractor. Davis v. Nelson-Deppe, Inc., 91 Idaho 463, 424 P.2d 733 (1967). This intent must be gleaned from the contract itself unless that document is ambiguous, whereupon the circumstances surrounding its formation may be considered.

 In order to recover as a third party beneficiary, it is not necessary that the individual be named and identified as an individual although that is usually sufficient; a third party may enforce a contract if he can show he is a member of a limited class for whose benefit it was made. Johnson v. Holmes Tuttle Lincoln-Mercury, Inc., 160 Cal.App.2d 290, 325 P.2d 193 (1958). The class may be limited either by a narrow description of the injuries to be guarded against and the damages to be paid, Anderson v. Rexroad, 175 Kan. 676, 266 P.2d 320 (1954), or by a similar description of the class to be protected. Pacific Northwest Bell Telephone Co. v. DeLong Corp., 246 Or. 369, 425 P.2d 498 (1967); Shell v. Schmidt, 272 P.2d 82 (Cal. 1954). Where the group to be benefited is large and vaguely defined, individual members are no more than incidental beneficiaries and no rights are created by virtue of the contract between the public body and the contractor. Davis v. Nelson-Deppe, supra; Sauve v. Title Gar. and Sur. Co., 29 Idaho 146, 158 P. 112 (1916); Earl E. Roher Trans. & S. Co. v. Hutchinson Water Co., 182 Kan. 546, 322 P.2d 810 (1958).

Judgment reversed and cause remanded for further proceeding in accordance with the opinion expressed herein. Costs to appellants.

SMITH, C. J., and TAYLOR, McQUADE and McFADDEN, JJ., concur.