Bob F. LONGACRE and Hattie Longacre,
Appellants (Defendants below),

v.

The STATE of Wyoming, Appellee
(Plaintiff below).

No. 3703.

Supreme Court of Wyoming.

Dec. 31, 1968.

Dean W. Borthwick, Cheyenne, for appellants.

Sterling A. Case, First Asst. Atty. Gen., Lynn R. Garrett, Deputy Atty. Gen., Cheyenne, Robert A. Gish, County and Prosecuting Atty., Basin, for appellee.

Before HARNSBERGER, C. J., and GRAY, McINTYRE, and PARKER, JJ.

Mr. Justice McINTYRE delivered the opinion of the court.

This case brings into question the validity of the provision contained in ch. 162, § 1, S.L. of Wyoming 1963 (§ 12–20, W.S.1957, 1967 Cum.Supp.), which states, "No female shall be employed as a bartender in a room holding a retail liquor license."

In a civil action initiated by the county attorney of Big Horn County the district court found appellants, Bob F. Longacre and Hattie Longacre, in violation of the laws of Wyoming for employing a woman bartender. A suspension of the retail liquor license of the Longacres was ordered for one week. The licensees have appealed claiming the prohibition against the employment of a woman bartender is unconstitutional and void; and that such prohibition is also void because it has been superseded by subsequent legislation.

Appellants suggest the prohibition against the employment of women bartenders has been impliedly repealed by the subsequent

enactment, in 1965, of the Fair Employment Practices Act, §§ 27–257 to 27–264, W.S. 1957, C.1967. If that be so, we will not need to decide whether the prohibition was constitutional prior to its implied repeal.

Section 27–261, W.S.1957, C.1967, states:

"It shall be a discriminatory or unfair employment practice: (1) For an employer to refuse to hire, to discharge, to promote or demote, or to discriminate in matters of compensation against, any person otherwise qualified, because of sex, race, creed, color, national origin or ancestry.

"(2) For a person, an employment agency, a labor organization, or the employees or members thereof, to discriminate in matters of employment or membership against any person, otherwise qualified, because of sex, race, creed, color, national origin or ancestry."

■ To us, the Fair Employment Practices Act is plain and unambiguous. It contains no exceptions. It clearly makes it unlawful for an employer to:

1. Refuse to hire any person otherwise qualified because of sex;

2. Discharge any person otherwise qualified because of sex;

3. Promote or demote any person otherwise qualified because of sex; or

4. Discriminate in matters of compensation against any person otherwise qualified because of sex. ·

■ Where the legislature enacts two laws and such laws contain conflicting provisions and are so repugnant to each other that they cannot stand together, the later enactment will prevail over the earlier one. State v. Cantrell, 64 Wyo. 132, 186 P.2d 539, 542; State v. Mayer, 81 Idaho 111, 338 P.2d 270, 273; State ex rel. Hughes v. State Board of Land Commissioners, 137 Mont. 510, 353 P.2d 331, 336–337; In re Martinez' Will, 47 N.M. 6, 132 P.2d 422, 424.

■ The directive in § 27–261 that an employer must not discriminate on account of sex, and must not refuse to hire a person otherwise qualified on account of sex, clearly contradicts and is repugnant to that sentence in ch. 162, § 1, S.L. of Wyoming 1963 (§ 12–20, W.S.1957, 1967 Cum.Supp.), which states no female shall be employed as a bartender in a room holding a retail liquor license.

We do not pretend to say the Alcoholic Beverages Act and the Fair Employment Practices Act relate generally to the same subject. However, the provision within the Alcoholic Beverages Act which prohibits the employment of female bartenders and the provision within the Fair Employment Practices Act which prohibits discrimination on account of sex, when persons are employed, do deal with the same subject. That subject is the employment of females.

In Union Pac. R. Co. v. Public Service Commission, 103 Utah 186, 134 P.2d 469, 474, recognition was given to the fact that part of a particular act effected an implied repeal of all acts and *parts of acts* which were in conflict therewith. See also Ex parte Sweeden, 84 Okl.Cr. 127, 179 P.2d 695, 697–699, where the court held a statute was repealed by implication "insofar" as it conflicted with a part of a subsequent enactment. The Supreme Court of Colorado, in Thompson v. People, 136 Colo. 336, 316 P.2d 1043, 1044, held the provision for sentence of a person under 21 years of age, contained in the robbery statute passed in 1931, controlled over a particular provision contained in the Reformatory Act of 1889.

■ We are not unmindful of the rule of statutory construction that, where there is a conflict between a special statute and a general statute, the special statute may control. However, rules of statutory construction are usually only guidelines to aid courts in arriving at the legislative intent. The ultimate thing to be decided is what the legislature intended.

The proper rule to be applied here is the one stated in Arizona Tax Commission v. Dairy & Consumers Cooperative Ass'n, 70 Ariz. 7, 215 P.2d 235, 242. The court in that case said a special or particular statute

is not repealed by a general statute unless intent to repeal is manifested and repeals by implication are not favored and will not be indulged if there is any other reasonable construction. However, the court stated, *it is enough if the conflict is of such a nature that the two cannot stand together.*

If we did not hold the former provision having to do with women bartenders repealed by the later provision having to do with fair employment practices, then we would have to be able to read and interpret the two provisions together, letting both stand. We have no right to modify the provision last enacted by writing into it an exception which the legislature did not express.

The two provisions are repugnant to each other and cannot stand together without an exception being read into the act prohibiting discrimination. How could they possibly stand together when the state would be telling a liquor dealer on one hand that he dare not employ a woman bartender, and on the other hand that he dare not discriminate as to sex?

■ The title to the Fair Employment Practices Act gives every indication that its purpose is to prevent discriminating practices against females in all employments when they are qualified to hold a position. And where there is a manifest legislative intent that a subsequent general statute shall have universal application, it repeals by implication earlier laws dealing with only a small part of the same subject. Southern Nevada Telephone Company v. Christoffersen, 77 Nev. 322, 363 P.2d 96, 98; Herrett

Trucking Company v. Washington Public Service Commission, 58 Wash.2d 542, 364 P.2d 505, 506. See also 82 C.J.S. Statutes § 298, p. 513.

If the legislature wishes to write an exception into its Fair Employment Practices Act, to except bartending from the provisions of such act, it will have to do so by further and specific legislative enactment. However, we have not in this case passed upon the question of whether a law prohibiting the employment of female bartenders would be constitutional, and that question would remain.

■ It follows, from what has been said, that the sentence contained in ch. 162, § 1, S.L. of Wyoming 1963 (§ 12–20, W.S.1957, 1967 Cum.Supp.), which reads "No female shall be employed as a bartender in a room holding a retail liquor license" has been superseded and repealed by implication with the enactment of the Fair Employment Practices Act. It must be emphasized, however, that our holding applies only to the one sentence mentioned and to no other part of the Alcoholic Beverages Act. See Holm v. State, Wyo., 404 P.2d 740, 743.

The judgment of the district court, insofar as it penalizes the defendants for employing a female bartender, must be reversed and the action concerning the employment of a female bartender must be dismissed.

Reversed.

Mr. Justice PARKER, dissenting.