## IN THE SUPREME COURT OF THE STATE OF IDAHO

### Docket No. 34335

ROBERT J. STODDARD,              )
                                 )
                    Claimant,    )
v.                               )
                                 )
THE HAGADONE CORPORATION,        )
Employer, and ROYAL INDEMNITY    )          Boise, February 2009 Term
COMPANY, Surety,                 )
                                 )          2009 Opinion No. 55
          Defendants/Appellants/ )
          Cross-Respondents,     )          Filed:  April 14, 2009
                                 )
and                              )          Stephen W. Kenyon, Clerk
                                 )
STATE OF IDAHO, INDUSTRIAL       )
SPECIAL INDEMNITY FUND,          )
                                 )
          Defendant/Respondent/  )
          Cross-Appellant        )
                                 )

Appeal from the Industrial Commission, State of Idaho.

The decision of the Industrial Commission is <u>affirmed.</u>

Bowen & Bailey, LLP, Boise, for appellants.  Scott Wigle argued

Mallea Law offices, Meridian, for respondent.  Kenneth Mallea argued.
_____

W. JONES, Justice

This appeal arises from the Industrial Commission's decision which did not assign responsibility to the Idaho Industrial Special Indemnity Fund (ISIF) for Claimant Robert Stoddard's total and permanent disability benefits.  The Industrial Commission found that ISIF was not liable for any portion of Stoddard's injury.  Royal Indemnity Company (Royal) appeals to this Court alleging that it was error for the Industrial Commission to find that Stoddard's total and permanent disability was not a product of his pre-existing impairments combined with his last industrial accident and that it was error to analyze Stoddard's disability status as of the date

of hearing rather than the date of accident. ISIF cross-appeals contending that Royal's claim against ISIF is barred by collateral estoppel, *res judicata* or the doctrine of waiver because the Industrial Commission previously held Royal 80% liable for Stoddard's injury.

## FACTUAL AND PROCEDURAL BACKGROUND

Stoddard filed three separate claims for benefits arising out of three industrial accidents. The claims were consolidated and litigated with an ultimate finding that Stoddard was totally and permanently disabled pursuant to the odd-lot doctrine. Fault was apportioned between the sureties for the Hagadone Corporation (Hagadone), General Insurance Company of America (General) and Royal, with 20% liability being assigned to General and 60% liability being assigned to Royal. Stoddard, General and Royal filed motions for reconsideration and clarification alleging error in the decision. The Industrial Commission then apportioned the remaining 20% liability to Royal. Royal filed a separate action against ISIF alleging liability for a proportionate share of disability benefits.

Stoddard filed the original action in this case seeking compensation for three injuries that were the result of industrial accidents. A hearing was held in March of 2001 with the following findings of facts. Stoddard was employed by Hagadone as a groundskeeper at Duane Hagadone's summer home in Coeur d'Alene, Idaho. Stoddard suffered four injuries; three of which were found to be industrial accidents. The first injury was a groin strain and hernia. Stoddard suffered the injury while standing with one foot on a dock and one foot in a boat while unloading flats of potted flowers from the boat. The hernia required surgery, but Stoddard missed no work after the surgery or as a result of the hernia. The second injury was the result of a motor vehicle accident and was not the result of an industrial accident. Stoddard was involved in a rear-end collision and complained of pain in his neck, left shoulder and low back. Stoddard missed no work as a result of this injury. The third accident occurred while maneuvering a large flowerpot through a sliding glass door and was the result of an industrial accident. The injury caused pain in Stoddard's lower back area. The referee determined that the pain was in a different area of Stoddard's back than the pain felt after the motor-vehicle accident. Stoddard did not miss any work as a result of the third accident. Stoddard attended physical therapy for the shoulder and back injuries. Stoddard discontinued physical therapy because the exercises caused too much pain and instead walked on a regular basis for exercise; walking "significantly improved" Stoddard's condition. The fourth and final accident occurred while Stoddard was

2

mowing the lawn at the residence and was the result of an industrial accident. Stoddard fell while mowing the lawn on an incline and "[his] feet slipped out from under [him], and [he] came straight down on [his] buttocks. And it changed [his] life." Stoddard has not been able to return to work since the fourth accident occurred in May of 1999.

The referee held that Stoddard was permanently and totally disabled pursuant to the odd-lot doctrine, holding General liable for 20% for the hernia and the flowerpot injury and Royal liable for 60% for the lawnmower injury. All the parties filed motions for reconsideration and clarification. The referee then held that "[under the facts of this case, the [Industrial] Commission has determined that the last accident caused [Stoddard] to suffer total and permanent disability[]" and that Royal should be fully liable for the total and permanent disability benefits. General was held liable for 20% of the injuries as a result of the hernia and Royal was held liable for the permanent total disability or 80% of the injuries.[1] No appeal was made by any party from this order.

In 2006 Royal filed an action against ISIF and a hearing was conducted in July of 2006. Stoddard was not a party to the action because "this matter did not directly involve any pecuniary interests of Claimant." The second hearing presented two issues: "(1) [w]hether Claimant is totally and permanently disabled pursuant to the odd-lot doctrine and, if so, (2) [w]hether ISIF is liable for a proportionate share of disability benefits." The Industrial Commission found that "[n]either party herein questions that [Stoddard] is totally and permanently disabled, the present issue being ISIF's proportionate responsibility for payment of the benefits associated with that total disability." The Industrial Commission found that ISIF was not liable for a proportionate share of Stoddard's total permanent disability because Stoddard's "current total and permanent disability is due to the lack of transferable skills to the sedentary labor market and his advanced age, and not the result of any combination of [Stoddard's] pre-existing impairment and his last industrial accident." Royal appeals to this Court.

## ISSUES ON APPEAL

The following issues are presented to this Court on appeal:

1. Whether the Industrial Commission erred by failing to apply *res judicata*, collateral estoppel or the doctrine of waiver.

---

[1] No party to this action joined ISIF even though it was obvious that a finding of total and permanent disability was being sought.

2. Whether the Industrial Commission erred when it found that Stoddard's permanent and total disability was not the result of any pre-existing impairments combined with his last industrial accident.

3. Whether the Industrial Commission erred by holding that Stoddard's disability status should be analyzed as of the date of the second Industrial Commission hearing.

## STANDARD OF REVIEW

The Supreme Court, upon review, may set aside the Industrial Commission's order upon the following grounds only:

(1) The commission's findings of fact are not based on any substantial competent evidence;
(2) The commission has acted without jurisdiction or in excess of its powers;
(3) The findings of fact, order or award were procured by fraud;
(4) The findings of fact do not as a matter of law support the order or award.

I.C. § 72-732. This Court exercises free review over the Industrial Commission's legal conclusions but "will not disturb the [Industrial] Commission's factual findings if they are supported by substantial and competent evidence." *Reiher v. Am. Fine Foods*, 126 Idaho 58, 60, 878 P.2d 757, 759 (1994). "Substantial and competent evidence consists of such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotations omitted) (quoting *Idaho State Ins. Fund v. Hunnicutt*, 110 Idaho 257, 260, 715 P.2d 927, 930 (1985)). This Court reviews the Industrial Commission's factual findings in the light most favorable to the prevailing party. *Lethrud v. Indus. Special Indem. Fund,* 126 Idaho 560, 563, 887 P.2d 1067, 1070 (1995). The Industrial Commission does not need to "'make detailed findings on every fragment of evidence presented to it.' . . . [but only] findings sufficient to enable meaningful appellate review." *Davaz v. Priest River Glass Co.*, 125 Idaho 333, 338, 870 P.2d 1292, 1297 (1994) (internal citation omitted) (quoting *Madron v. Green Giant Co.*, 94 Idaho 747, 751, 497 P.2d 1048, 1052 (1972)).

## ANALYSIS

**The Industrial Commission did not err by failing to apply *res judicata*, collateral estoppel or the doctrine of waiver**.

ISIF contends that Royal's claim against ISIF is barred by *res judicata*, collateral estoppel or the doctrine of waiver by virtue of the 2001 decision and I.C. § 72-718. I.C. § 72-718 states that,

4

[a] decision of the commission, in the absence of fraud, *shall be final* and conclusive as to all matters adjudicated by the commission upon filing the decision in the office of the commission; provided, within twenty (20) days from the date of filing the decision any party may move for reconsideration or rehearing of the decision . . . . Final decisions may be appealed to the Supreme Court.

I.C. § 72-718. Whether Royal's claim is barred by collateral estoppel or *res judicata* is a question of law over which this court exercises free review. *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007); *Rodriguez v. Dep't of Correction*, 136 Idaho 90, 92, 29 P.3d 401, 403 (2001).

"*Res judicata* is comprised of claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel)." *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002). *Res judicata*, or claim preclusion, "bars a subsequent action between the same parties upon the same claim or upon claims 'relating to the same cause of action.'" *Ticor Title Co.*, 144 Idaho at 123, 157 P.3d at 617 (quoting *Hindmarsh*, 138 Idaho at 94, 57 P.3d at 805). Therefore, *res judicata*, or claim preclusion, does not bar Royal's action against ISIF because ISIF was not a party to the 2001 action.

The doctrine of collateral estoppel exists to prevent the relitigation of an issue previously determined when:

(1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Rodriguez*, 136 Idaho at 92, 29 P.3d at 403. This Court finds that collateral estoppel does not bar Royal's claim seeking apportionment of liability to ISIF for Stoddard's total and permanent disability because the issues are not identical in the two cases. The issue in the first case determined whether Stoddard was totally and permanently disabled pursuant to the odd-lot doctrine. However, the issue in the second case determined whether ISIF incurred any liability as a result of Stoddard's total and permanent disability.

"Waiver is a voluntary, intentional relinquishment of a known right or advantage." *Brand S Corp. v. King*, 102 Idaho 731, 734, 639 P.2d 429, 432 (1981). "It is a voluntary act and

implies election by a party to dispense with something of value or to forego some right or advantage which he might at his option have demanded and insisted upon." *Crouch v. Bischoff*, 78 Idaho 364, 368, 304 P.2d 646, 649 (1956). "A party asserting waiver must have acted in reliance upon the waiver and altered the party's position." *Hecla Mining Co. v. Star-Morning Mining Co.*, 122 Idaho 778, 782, 839 P.2d 1192, 1196 (1992). Waiver does not apply in this case. ISIF, the party asserting waiver, did not rely on the previous apportionment of disability because ISIF was not a party to the previous action. Therefore, this Court holds that Royal did not waive the right to seek apportionment from ISIF for Stoddard's total and permanent disability pursuant to the odd-lot doctrine.

**The Industrial Commission did not err when it found that Stoddard's permanent and total disability was not the result of any pre-existing impairments combined with his last industrial accident**.

Substantial competent evidence exists to support the Industrial Commission's finding that Stoddard's permanent and total disability was not the result of any pre-existing impairments combined with his last industrial accident. The Industrial Commission found that it was *only* the last accident which resulted in Stoddard being restricted to sedentary work. It was the last accident that resulted in "significant standing, sitting, and walking restrictions" and not a combination of all Stoddard's industrial accidents. This Court affirms that holding.

I.C. § 72-332 requires ISIF to compensate the remainder of an injured worker's income benefits if "by reason of the *combined effects* of both the pre-existing impairment and the subsequent injury . . . [the worker] suffers total and permanent disability[.]" I.C. § 72-332 (emphasis added). There are four elements for apportioning liability to ISIF pursuant to I.C. § 72-332: (1) there must be a preexisting impairment; (2) the preexisting impairment must be manifest; (3) the preexisting impairment must have been a subjective hindrance; and (4) the preexisting impairment *must combine* to cause total permanent disability. *Dumaw v. J.L. Norton Logging*, 118 Idaho 150, 155, 795 P.2d 312, 317 (1990) (emphasis added).

"An odd-lot worker is one who, as a result of the injury, is impaired to an extent that his or her ability to perform services is so limited in quality, quantity, or dependability that no reasonable market for his or her services exists." *Lethrud*, 126 Idaho at 563, 887 P.2d at 1070 (quoting *Ragan v. Kenaston Corp.*, 126 Idaho 152, 155, 879 P.2d 1085, 1088 (1994)).

Here, the Industrial Commission found that there were (1) preexisting impairments;[2] (2) that were manifested both objectively and subjectively; and (3) the preexisting impairments constituted a hindrance. The Industrial Commission then looked at "whether [Stoddard's] pre-existing physical impairments combined with the last accident to render him totally and permanently disabled, or stated another way, whether [Stoddard] would have been totally and permanently disabled but for his last accident." The Industrial Commission cited to testimony that Stoddard had been working prior to the last accident and that but-for the last accident Stoddard would have continued to be employable. That is, Stoddard was totally and permanently disabled solely by the final injury pursuant to the odd-lot doctrine, and it was that injury which combined with his age and skills to render him unemployable. The Industrial Commission further found that the only conditions which rendered Stoddard totally and permanently disabled were his advanced age and lack of transferable skills combined with the last accident, which placed him into the sedentary market. This finding was not in error because Stoddard's disability was not the result of any previous injury combined with his last injury; it was based solely on his last industrial accident. This conclusion is supported by substantial and competent evidence from the 2006 hearing and from the 2001 hearing. This Court affirms those findings.

**The Industrial Commission did not err in its analysis of Stoddard's disability status when it found that as of the second hearing date Stoddard was still totally and permanently disabled.**

Royal argues that the Industrial Commission erred by evaluating Stoddard's disability status at the date of the second hearing. Royal contends that the proper date for analysis is the date of the last industrial accident. ISIF argues that the proper date for disability analysis is the date that ISIF is joined as a party, which would be the second hearing date in this case. In this instance, neither party's argument is correct.

A permanent impairment is evaluated at the date that "maximal medical rehabilitation has been achieved and which abnormality or loss, medically, is considered stable or nonprogressive." I.C. § 72-422. The Industrial Commission noted Stoddard's disability status as of the date of the

---

[2] The preexisting impairments, as found by the Industrial Commission in 2001, were as follows:
Hernia- 10%
Left shoulder (rear-end collision)- 20%
Low back (rear-end collision)- 5%
Flowerpot incident low back- 0%
Lawnmower incident- 5%

hearing where ISIF participated. At the time of the first hearing Stoddard was 64-years-old and at the time of the second hearing Stoddard was 70-years-old. The Industrial Commission held that as of the second hearing date "[Stoddard] was 70 years of age and was *still* totally and permanently disabled." (Emphasis added). This finding was not in error. The Industrial Commission found that at the age of 70 Stoddard was totally disabled by virtue of his age alone. However, the Industrial Commission further found Stoddard's disability stemmed solely from his last industrial accident, and not from any preexisting conditions. Therefore, this Court finds no error in the Industrial Commission's analysis because the analysis would have been the same regardless of which date the Industrial Commission used. We decline to find error in a simple statement that merely recognizes the age of the Claimant at the hearing date.

This Court finds no error in the Industrial Commission's analysis. Stoddard was 70 years of age at the date of the second hearing; a fact that is relevant to his disability status pursuant to the odd-lot doctrine. However, the Industrial Commission's holding did not rest solely on Stoddard's age. It merely stated that six years after the first hearing Stoddard was *still* permanently disabled. In the present case, Stoddard would be disabled solely by his last industrial accident regardless of whether his age was 64 or 70. The proper date for disability analysis is the date that maximum medical improvement has been reached. I.C. § 72-422.

## CONCLUSION

For the foregoing reasons this Court affirms the Industrial Commission's decision.

Chief Justice EISMANN, Justices BURDICK, J. JONES and HORTON, **CONCUR.**