**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39791**

| | | |
|---|---|---|
| **SUN SURETY INSURANCE COMPANY,** | ) | **2013 Unpublished Opinion No. 450** |
| | ) | |
| **Plaintiff-Appellant,** | ) | **Filed: April 18, 2013** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **THE DISTRICT COURT OF THE** | ) | **THIS IS AN UNPUBLISHED** |
| **FOURTH JUDICIAL DISTRICT OF THE** | ) | **OPINION AND SHALL NOT** |
| **STATE OF IDAHO; MICHAEL E.** | ) | **BE CITED AS AUTHORITY** |
| **WETHERELL, in his official capacity as** | ) | |
| **Administrative District Judge; LARRY D.** | ) | |
| **REINER, in his official capacity as Trial** | ) | |
| **Court Administrator; and DIANNE** | ) | |
| **BURRELL, in her official capacity as** | ) | |
| **Assistant Trial Court Administrator,** | ) | |
| | ) | |
| **Defendants-Respondents.** | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Ron Schilling, District Judge.

Order of the district court granting summary judgment on grounds of res judicata, <u>affirmed</u>.

David H. Leroy, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Clay R. Smith, Deputy Attorney General, Boise, for respondents.  Clay R. Smith argued.

_____

SCHWARTZMAN, Judge Pro Tem

Sun Surety Insurance Company (Sun Surety) filed a civil action against the District Court of the Fourth Judicial District of the State of Idaho and several state employees in their official capacities (collectively "Respondents") seeking to set aside the forfeiture of a bail bond and to exonerate the bond, after having been denied the same relief in the bond forfeiture proceedings arising from the underlying criminal case.  The district court determined that Sun Surety's civil claim was barred by res judicata and entered summary judgment in favor of the Respondents.

1

# I.

# BACKGROUND

In May 2008, Elliott Bailey was charged with delivery of a controlled substance and driving without privileges. Bailey was released on bail after Steven Ellefson, a bail agent authorized to execute an undertaking of bail bond on behalf of Sun Surety, posted bond in the amount of $150,000. When Bailey failed to appear for a change of plea hearing on November 3, the district court entered an order forfeiting bail and issued a bench warrant for his arrest. The court clerk mailed a notice of the bail forfeiture to Ellefson the same day. Bailey was re-arrested on November 6, and the criminal case was quickly resolved; Bailey pleaded guilty shortly thereafter, and was held in custody until sentencing.

Ellefson filed a motion to set aside the forfeiture and exonerate the bond on January 29, 2009, on the ground that Bailey had been arrested and was in state custody.[1] On March 12, the district court, *sua sponte* and *without a hearing*, denied the motion without prejudice "for lack of approval by [the Trial Court Administrator's] office. So ordered." Sun Surety, acting through private counsel, filed another motion to set aside the forfeiture and exonerate the bond on May 1, on the ground that Bailey had been arrested and was in custody. On May 29, 2009, the district court, again *sua sponte* and *without a hearing*, denied the motion without prejudice, writing on the motion:

> Pursuant to I.C. § 19-2927, the Defendant has not appeared within 180 days after failing to appear and satisfactorily excused his neglect; moreover, a person posting the bail has not surrendered the Defendant to a jail facility within 180 days of the Court's entry in the minutes the fact of Defendant's failure to appear. So ordered.

Sun Surety did not file a motion for reconsideration or an appeal from the denial of either motion.

On November 2, 2010, seventeen months after the district court denied Sun Surety's motion to set aside forfeiture and exonerate bond, Sun Surety initiated an independent civil action, which is the subject of this appeal. Sun Surety sought a declaratory judgment exonerating the bond on the ground that the court clerk did not send notice of the forfeiture to

---

[1] Sun Surety asserts that Ellefson was not employed by or acting on behalf of Sun Surety when he received notice of the forfeiture and when he filed the motion.

Sun Surety or Sun Surety's designated agent as required by statute.[2]  Sun Surety alternatively sought a writ of review, a writ of prohibition, a permanent injunction, and exoneration based on equitable relief and the doctrine of impossibility of performance.  The district court determined that res judicata barred relitigation of Sun Surety's claim and entered summary judgment in favor of the Respondents.  Sun Surety appeals.

## II.

## ANALYSIS

### A.    Standard of Review

This Court reviews a motion for summary judgment pursuant to the same standards as the district court.  *Berkshire Investments, LLC v. Taylor*, 153 Idaho 73, 80, 278 P.3d 943, 950 (2012); *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 410, 179 P.3d 1064, 1066 (2008).  Summary judgment is appropriate where "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Idaho Rule of Civil Procedure 56(c).  This Court reviews questions of law *de novo*.  *Martin v. Camas County ex rel. Bd. of Comm'rs*, 150 Idaho 508, 511, 248 P.3d 1243, 1246 (2011).  Whether an action is barred by res judicata is a question of law.  *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007)

### B.    Res Judicata

Res judicata is comprised of claim preclusion (true res judicata) and issue preclusion (collateral estoppel).  *Stoddard v. Hagadone Corp.*, 147 Idaho 186, 190, 207 P.3d 162, 166 (2009); *Hindmarsh v. Mock*, 138 Idaho 92, 94, 57 P.3d 803, 805 (2002).  True res judicata, or claim preclusion, bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action.  *Stoddard*, 147 Idaho at 190, 207 P.3d at 166; *Ticor Title Co.*, 144 Idaho at 123, 157 P.3d at 617.  Under this doctrine, a claim is precluded if it could have been brought in the previous action, regardless of whether it was actually brought, where: (1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties as the original action, and (3) the present claim arises out of the same transaction or

---

[2]    Sun Surety submitted an affidavit and several documents purporting to establish that that its notice agent was not Ellefson, but instead was an individual named Patrick Wood at Sun Surety Insurance Company residing in Rapid City, South Dakota.

series of transactions as the original action. *Berkshire Investments, LLC*, 153 Idaho at 81, 278 P.3d at 951; *Ticor Title Co.*, 144 Idaho at 124-27, 157 P.3d at 618-21.

### 1.    Final judgment

The primary issue in this appeal is whether the district court's denials of Sun Surety's motions, without prejudice, constituted a final judgment for purposes of res judicata. In the unique circumstances presented here, we conclude that it did. Sun Surety's motion was denied on the merits. Specifically, the district court denied Sun Surety's motion because, although the defendant had appeared before the court in the criminal action when he was arrested three days after bail was forfeited, Sun Surety had not surrendered the defendant and the defendant had not provided a satisfactory excuse for his failure to appear, as required by former Idaho Code section 19-2927.[3] *See State v. Two Jinn, Inc.*, 148 Idaho 706, 711, 228 P.3d 387, 392 (Ct. App. 2010) (affirming denial of motion for exoneration when defendant failed to appear at a pretrial conference, was subsequently arrested, and appeared within 180 days but did not provide a satisfactory excuse as required by statute). The fact that Sun Surety now asserts different grounds for relief--namely, that Sun Surety was entitled to have the bond exonerated due to allegedly improper notice of forfeiture--is of no consequence. Sun Surety concedes that the issue

---

[3]    Effective July 1, 2009, former chapter 19 of Title 29, including section 19-2927, was repealed by S.L. 2009, ch. 90, § 1 and replaced by the Idaho Bail Act, I.C. §§ 19-2901 to -2923. Similarly, effective July 1, 2009, the Idaho Supreme Court repealed I.C.R. 46 and replaced it with a revised I.C.R. 46. From the time that bail was set to the time that the district court denied Sun Surety's motion to set aside the forfeiture and exonerate bond, former section 19-2927 and I.C.R. 46(g) controlled. By the time Sun Surety initiated an independent civil action, the 2009 revision to the Idaho Bail Act and I.C.R. 46 had become effective.

Former Idaho Code section 19-2927 provided in pertinent part:

The clerk shall mail written notice within five (5) days of the forfeiture for failure to appear to the last known address of the person posting the undertaking of bail or, if the bail consists of a surety bond, to the surety or its designated agent. A failure to give timely notice shall exonerate the bail or undertaking. If at any time within one hundred eighty (180) days after such entry in the minutes, the defendant appears and satisfactorily excuses his neglect, the court shall direct the forfeiture of the undertaking or the deposit to be exonerated.

If within one hundred eighty (180) days of the date of forfeiture, a person, other than the defendant, who has provided bail for the defendant, surrenders the defendant to the jail facility of the county which issued the warrant, the undertaking of bail or deposits are thereby exonerated.

of improper notice could have been raised before the district court and offers no explanation for why it was not.

Idaho appellate courts have determined that a trial court order denying a motion to set aside forfeiture or a motion to exonerate bond is a final order. *State v. Two Jinn, Inc.*, 151 Idaho 725, 727, 264 P.3d 66, 68 (2011); *State v. Rupp*, 123 Idaho 1, 2, 843 P.2d 151, 152 (1992); *State v. Fedder*, 76 Idaho 535, 542, 285 P.2d 802, 806 (1955); *State v. Abracadabra Bail Bonds*, 131 Idaho 113, 118 n.5, 952 P.2d 1249, 1254 n.5 (Ct. App. 1998). *See also* Idaho Appellate Rule 11(a)(1); Idaho Criminal Rule 54.1 (effective July 1, 2012). As a general matter, a final "judgment or order, once rendered, is final for purposes of res judicata until reversed on appeal or modified or set aside in the court of rendition." *In re Heritage Bond Litig.*, 546 F.3d 667, 675 (9th Cir. 2008) (citations and quotation marks omitted). *Cf. Rodriguez v. Dep't of Correction*, 136 Idaho 90, 94, 29 P.3d 401, 405 (2001) (order dismissing suit without prejudice "became final when it was not appealed," and thus constituted final adjudication on the merits for purposes of issue preclusion). It is undisputed that Sun Surety could have appealed the denial of its motion and that it did not do so.[4] Thus, the order denying Sun Surety's motion became final for purposes of res judicata when Sun Surety failed to appeal.

### 2. Same parties

In order for claim preclusion to apply, both proceedings must involve the same parties or their privies. *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618. When considering whether res judicata applies, we will consider whether the parties involved in the bond forfeiture proceedings and the parties involved in the civil suit are the same. A bail bond agreement is a suretyship contract between the State on one side and an accused and his or her surety on the other side, whereby the surety guarantees the appearance of an accused, and thus bail forfeiture proceedings involve both the State and the surety or other person posting bond. *Two Jinn, Inc.*, 151 Idaho at 728, 264 P.3d at 69; *State v. Castro*, 145 Idaho 993, 995, 188 P.3d 935, 937 (Ct. App. 2008); *Abracadabra Bail Bonds*, 131 Idaho at 116, 952 P.2d at 1252. It is undisputed that Sun Surety

---

[4]    We note that Sun Surety could not have filed a third motion to set aside the order of forfeiture, even though both of the prior orders denying the motions to set aside the forfeiture were entered without prejudice, as any such application would now fall outside the 180-day period authorized by rule and statute. *State v. Overby*, 90 Idaho 41, 45, 408 P.2d 155, 156 (1965) (holding the former version of I.C. § 19-2927 "requires the defendant or his bail to make *application* for relief within" the time specified in the statute).

was involved in both the bond forfeiture proceedings and the civil action. In this appeal, Sun Surety asserts only that the civil action named three defendants, in addition to the State, and the three named defendants were not parties to the bond forfeiture proceedings. However, the parties have been named in their official capacity, and thus are representatives of the State.[5] *See Arnzen v. State*, 123 Idaho 899, 903, 854 P.2d 242, 246 (1993) ("it is clear that a suit against a state official acting in his or her official capacity, is nothing more than a suit against the state"). Sun Surety and the State were both parties, for purposes of res judicata, in both the bond forfeiture proceedings and the civil action.

### 3.     Same transaction

Here, the relief sought in the civil case is precisely the same relief that was sought through Sun Surety's previous motions, namely, to set aside the bond forfeiture and exonerate the bond. Although Sun Surety sought relief in the bond forfeiture proceedings on the ground that the defendant had appeared before the court within 180 days of the forfeiture, Sun Surety admits that it could have sought relief on grounds that it now asserts, namely that the court clerk did not send proper notice within five days of the forfeiture. Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to every matter which might and should have been litigated in the first suit. *Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620. *Accord Nevada v. United States*, 463 U.S. 110, 129-30 (1983).

### C.     I.R.C.P. 60(b)

Sun Surety asserts, for the first time on appeal, that even if res judicata applies, I.R.C.P. 60(b) permits a court to avoid a prior final order on the grounds of equity. However, this Court will not address the issue. It is well established that Idaho appellate courts will not

---

[5]     We also note that the claims Sun Surety asserted against the administrative district judge, the trial court administrator, and the assistant trial court administrator are moot, and are not being challenged in this appeal. Sun Surety originally sought clarification of the bail bond administrative guidelines and the restoration of Sun Surety's right to write bail bonds and post surety in the Fourth Judicial District--Sun Surety had apparently been removed from a list of approved surety companies maintained by the Fourth District Trial Court Administrator's office due to Sun Surety's failure to pay Bailey's $150,000 bail bond. However, Sun Surety abandoned all claims regarding clarification of the guidelines and the restoration of its rights after the Fourth Judicial District terminated its practice of keeping a list of approved bail agents or sureties in compliance with *Two Jinn, Inc. v. Dist. Court of the Fourth Judicial Dist.*, 150 Idaho 647, 657-58, 249 P.3d 840, 850-51 (2011).

6

consider issues that are raised for the first time on appeal. *Leader v. Reiner*, 143 Idaho 635, 637, 151 P.3d 831, 833 (2007).

**D.     Attorney Fees**

The State seeks an award of attorney fees under I.A.R. 41(d) and Idaho Code § 12-121. We do not view this appeal as being pursued frivolously, unreasonably, or without foundation. Accordingly, the request for attorney fees is denied.

**III.**

**CONCLUSION**

The district court's summary judgment in favor of Respondents is affirmed. Costs awarded to the Respondents.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**

Judge Pro Tem SCHWARTZMAN, **ALSO SPECIALLY CONCURRING**

I write specially to voice my concern regarding the gross disparity of equities that this decision may engender. The record in this case shows virtually no damage, cost, or disruption to the county courts resulting from the 72-hour absence of the defendant. Then I.C.R. 46(e)(4) provided that the court may direct that the forfeiture be set aside upon such conditions as the court may impose, *if it appears that justice does not require the enforcement of the forfeiture*.[1] Certainly, "justice" does not require the enforcement of a $150,000 bond forfeiture under the peculiar circumstances of this case. Should the State seek enforcement of the forfeiture under

---

[1]     Current Idaho Criminal Rule 46(h) now allows the courts to set aside the forfeiture, in whole or in part, upon such conditions as the court may impose if it appears that justice does not require the enforcement of the forfeiture. The court is directed to consider all relevant factors, including "the costs, inconvenience, and prejudice suffered by the state as a result of the defendant's violation of the obligation to appear." Subsection (k) provides:

> If the defendant appears before the court where the charge is pending, within one hundred eighty (180) days after the order forfeiting bail, upon motion of the person posting bond, if the court has not set aside the forfeiture, the court shall rescind the order of forfeiture and shall exonerate the bond; provided, that in those cases where the defendant was not returned by the person posting bail to the sheriff of the county where the action is pending, the court may condition the exoneration of bail and the setting aside of the forfeiture on payment by the person posting bail of the actual and reasonable costs incurred by state or local authorities arising from the transport of the defendant to the jail facility of the county where the charges are pending.

*See also* I.C. § 19-2922(5) (effective July 1, 2009).

the provisions of I.C. § 19-2928 (2008),[2] it would make itself privy to an undeserved *windfall* where the amount of bail far exceeds any relevant costs. *See State v. Quick Release Bail Bonds*, 144 Idaho 651, 655, 167 P.3d 788, 792 (Ct. App. 2007). Suffice it to say, this type of anomalous situation will not happen again under current Idaho law.

---

[2]    Idaho Code section 19-2928 (2008) provided:
    If the forfeiture is not discharged, as provided in the last section, the prosecuting attorney may, at any time after one hundred eighty (180) days from the entry upon the minutes, as provided in the last section, proceed by action in the name of the county, against the bail upon their undertaking.