**IN THE SUPREME COURT OF THE STATE OF IDAHO**
**Docket No. 48701**

| | | |
|---|---|---|
| FORD ELSAESSER, in his capacity as | ) | |
| Personal Representative of the Estate of | ) | |
| Victoria H. Smith, | ) | Boise, April 2022 Term |
| | ) | |
| Plaintiff-Respondent, | ) | Opinion filed: July 6, 2022 |
| | ) | |
| v. | ) | Melanie Gagnepain, Clerk |
| | ) | |
| RIVERSIDE FARMS, INC., an Idaho | ) | |
| corporation, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Michael Reardon, District Judge.

The judgment of the district court is affirmed.

Law Office of Vernon K. Smith, PC, Boise, for Appellant.

Givens Pursley, LLP, Boise, for Respondent.

_____

MOELLER, Justice.

This appeal stems from an action in which the personal representative of the Estate of Victoria H. Smith (the "Personal Representative") sought to eject Riverside Farms, Inc., ("Riverside") from its real property, referred to by the parties as the "Chinden Property," after the term of Riverside's lease expired. Riverside argued that the Personal Representative lacked standing to bring the ejectment action because it is not the true owner of the land. The Personal Representative was earlier granted ownership of the "Chinden Property" pursuant to a Rule 70(b) judgment issued during the probate proceedings following Victoria's death. Riverside argues that the Rule 70(b) judgment was barred by *res judicata* because a prior action, which concerned removal of trees along an easement on the property, had already confirmed that the Personal Representative was not the true owner of the Chinden Property.

1

The district court determined that ejectment of Riverside was proper because the dismissal of the prior case did not preclude the Rule 70(b) judgment issued in the probate case. Riverside filed a motion asking the district court to reconsider its decision, but the district court declined to do so. Riverside appeals to this Court, arguing that the denial of its motion to reconsider was in error and renewing its argument that the personal representative lacked standing to seek removal of Riverside from the property because the Rule 70(b) judgment was barred by *res judicata*. For the following reasons, we affirm the district court.

## I. FACTS AND BACKGROUND

This matter has a long and convoluted backstory spanning multiple cases and appeals. The principal actors in this saga are Ford Elsaesser, the personal representative of the Estate of Victoria H. Smith,[1] and Vernon K. Smith ("Vernon"), a son of Victoria and the attorney for Riverside Farms, Inc. Relevant to this appeal are the following cases: *Matter of Estate of Smith*, 164 Idaho 457, 432 P.3d 6 (2018) (Ada County Case No. CV-IE-2014-15352) (the "Probate Case"), and *Smith v. Smith* (Ada County Case No. CV-OC-2015-2348). The factual background of these cases is summarized below only to the extent such facts are needed to provide context here.

Victoria H. Smith acquired real property during her lifetime, including a parcel known as the "Chinden Property." In 1990, Victoria prepared a holographic will leaving everything to her son, Vernon. She also executed a durable power of attorney, making Vernon her attorney-in-fact. Vernon later formed a limited liability company, VHS Properties, LLC ("VHS"), and transferred all of Victoria's personal and real property to VHS.

Several months after Victoria's death in September 2013, Vernon's brother, Joseph, filed a petition in the Probate Case for formal adjudication of Victoria's intestacy, claiming the will was invalid as a product of undue influence by Vernon. While the Probate Case was pending, Joseph and his wife Sharon also filed a separate action against Vernon (*Smith v. Smith*). Victoria had previously given Joseph a portion of the Chinden Property. Years prior, Joseph had planted juniper trees along an access way the family had used. Eventually, Joseph acquired an easement to use that access way. Joseph refused to trim the trees when Vernon requested that he do so. Joseph claimed Vernon was planning to remove the juniper trees and sought a temporary restraining order

---

[1] Noah G. Hillen was the first personal representative appointed in the Probate Case. Ford Elsaesser is the successor personal representative. Most of the prior cases were initiated by Hillen and continued by Elsaesser. To avoid confusion, this opinion will simply refer to the "Personal Representative" rather than differentiating the two individuals serving in that position.

to enjoin Vernon from removing them. The complaint stated that Vernon's ownership (through VHS) was being challenged by Joseph in the Probate Case. Vernon counterclaimed, arguing that the case should be dismissed because Joseph and his wife did not have standing to bring this case because the trees were not located on Joseph's property, but on property which belonged to VHS. The district court issued a notice of intent to dismiss for failure to prosecute. On January 19, 2017, the district court dismissed Joseph's claims with prejudice.

In March 2017, the magistrate court in the Probate Case concluded that Victoria's will was invalid because it was a product of Vernon's undue influence. Accordingly, it ruled that Victoria died intestate. The Personal Representative was appointed and filed a motion for relief under Idaho Rule of Civil Procedure 70(b). On June 2, 2017, the magistrate court entered its order and judgment on the Personal Representative's motion. The order conveyed all of Victoria's real and personal property to the Personal Representative. *Id.* The judgment stated that the court vested "in the Personal Representative as of May 5, 2017, any and all real property of any kind or nature," including the Chinden Property. Vernon appealed, arguing that the court did not have jurisdiction to enter the Rule 70(b) judgment. *Matter of Estate of Smith*, 164 Idaho 457, 432 P.3d 6 (2018). This Court disagreed, affirming the district court's conclusion that the magistrate court properly vested ownership to all of the estate property in the Personal Representative. *Id.*

On February 22, 2019, the Personal Representative and Riverside entered into a lease whereby Riverside was allowed to lease the Chinden Property for a term "ending on March 31, 2020, together with any extensions as provided herein unless terminated earlier as provided herein." The Personal Representative notified Riverside multiple times in the weeks leading up to March 31 that it would not be renewing the lease. On March 23, 2020, Riverside responded with a letter stating that termination of the lease "was a precipitous move on [the Personal Representative's] part, and one we believe to be unlawful under the law." The Personal Representative again notified Riverside of its right to terminate the lease at the end of the term and eject Riverside. When the term of the lease expired, Riverside did not vacate the Chinden Property.

Over a year after this Court's decision in the Probate Case, on April 30, 2020, Vernon filed a motion in the Probate Case to correct the Rule 70(b) judgment. Vernon stated that the Personal Representative had begun a series of ejectment actions to remove those in possession of the real

3

properties, including an action to eject Riverside which was farming the Chinden Property.[2] Vernon claimed the Rule 70(b) judgment was improper, and that he is a two-thirds owner of the real properties as Victoria's intestate heir.[3] Specifically, Vernon argued that the judgment in *Smith*, which dismissed Joseph's claims with prejudice prior to the issuing of the 70(b) judgment in the Probate Case, precluded the magistrate court in the Probate Case from issuing the Rule 70(b) judgment. Vernon argued that the *Smith* judgment had "the effect of a final determination *as a matter of law* that the Chinden Property is vested in VHS Properties." The magistrate court held that the *Smith* judgment did "not operate as *res judicata*, claim preclusion or issue preclusion in this probate."

On April 23, 2020, the Personal Representative filed his complaint in district court seeking the ejection of Riverside and restitution of the premises and requesting attorney fees. Riverside answered the complaint, alleging that the Personal Representative did not have standing to bring the ejectment action because the Personal Representative is not the owner of the Chinden Property. Riverside asserted Vernon is a two-thirds owner and Joseph is a one-third owner because they are Victoria's heirs. On September 9, 2020, the Personal Representative filed a motion for partial judgment on the pleadings in which he asked the district court to conclude that the Personal Representative owned the Chinden Property (and, therefore, had the authority to eject Riverside) and that any such judgment be made final under Idaho Rule of Civil Procedure 54(b). Riverside opposed the motion, arguing that the district court's judgment in *Smith* was an adjudication confirming that VHS owns the Chinden Property (and all of Victoria's other properties). Riverside maintained that since the Personal Representative did not own the property, it could not eject Riverside from it. Riverside also argued that the Personal Representative failed to join VHS as a necessary and indispensable party in this action. The Personal Representative filed a reply memorandum arguing that *Smith* did not concern the ownership of the Chinden Property, but rather only mentioned that the ownership was being disputed in the Probate Case. In Riverside's response

---

[2] The ejectment actions include: *Hillen v. Gibson*, Ada County Case No. CV01-19-10368, Fourth District Court (appealed to this Court as *Elsaesser v. Gibson*, 168 Idaho 585, 484 P.3d 866 (2021)); *Hillen v. Vernon K. Smith III*, Ada County Case No. CV01-19-10367, Fourth District Court; *Hillen v. Law Offices of Vernon K. Smith, LLC*, CV01-19-20686; and this case, *Hillen v. Riverside Farms, Inc.*, (appealed to this Court as *Elsaesser v. Riverside Farms, Inc.*).

[3] Vernon's sister, Victoria A. Converse, transferred her one-third interest to Vernon, leaving Vernon with a two-thirds interest and Joseph with a one-third interest.

4

to the Personal Representative's reply memorandum, Riverside again asserted that *res judicata* prohibited the Rule 70(b) judgment.

On October 15, 2020, a hearing took place on the motion for partial judgment on the pleadings. The district court found Riverside's argument "specious," stating, "Riverside Farms was not a party to [*Smith*], the claim in that case was seeking declaratory relief regarding the trimming of some trees which you answered and counterclaimed. . . . There was no property interest put in issue by way of your counterclaim. . . ." The district court held that VHS is not the owner of the Chinden Property. Riverside moved to reconsider, asking the district court to reconsider its analysis concerning application of the Rule 70(b) judgment, which the district court denied. On November 18, 2020, the district court entered its Decision and Order on Motion for Partial Judgment on the Pleadings and Motion to Certify Judgment Under I.R.C.P. 54(b). The district court concluded that the Personal Representative owned the property and granted the Personal Representative's motion for partial judgment on the pleadings with respect to the ejectment claim. The district court also concluded that the dismissal of Joseph's claims in *Smith* could not have been with prejudice under Idaho Rule of Civil Procedure 41(e). The judgment ordered Riverside to immediately vacate and surrender possession of the Chinden Property. The judgment was certified as final pursuant to Idaho Rule of Civil Procedure 54(b).

On December 4, 2020, Riverside moved to reconsider the court's decision and Order entered November 18, 2020, and filed a motion to amend the judgment entered November 20, 2020, under Idaho Rule of Civil Procedure 59(e). The district court denied Riverside's motions because it determined that Riverside had not presented any new argument. Riverside timely appealed.

## II. STANDARDS OF REVIEW

"[T]he standard of review applicable to lower courts' rulings on motions for summary judgment also applies to motions for judgment on the pleadings." *Trimble v. Engelking*, 130 Idaho 300, 939 P.2d 1379 (1997); *see* I.R.C.P. 12(c)–(d) ("If, on a motion under Rule . . . 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). "If the evidence reveals no disputed issues of material fact, then only a question of law remains, over which this Court exercises free review." *Arambarri v. Armstrong*, 152 Idaho 734, 738, 274 P.3d 1249, 1253 (2012) (quoting *Watson v. Weick*, 141 Idaho 500, 504, 112 P.3d 788, 792 (2005)).

"When reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012).

> When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration. . . . [W]hen reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat the summary judgment.

*Id.*

We have long recognized that "[a] Rule 59(e) motion to amend a judgment is addressed to the discretion of the court. An order denying a motion made under Rule 59(e) to alter or amend a judgment is appealable, but only on the question of whether there has been a manifest abuse of discretion." *Barmore v. Perrone*, 145 Idaho 340, 344, 179 P.3d 303, 307 (2008) (quoting *Coeur d'Alene Mining Co. v. First National Bank of North Idaho*, 118 Idaho 812, 800 P.2d 1026 (1990)).

### III. ANALYSIS

This case originated as an ejectment action in which the Personal Representative sought to remove Riverside from the Chinden Property. To succeed in an ejectment action, the plaintiff must prove "(1) ownership of the property, (2) possession by the defendant, and (3) refusal to surrender possession by the defendant." *Elsaesser v. Gibson*, 168 Idaho 585, 591, 484 P.3d 866, 872 (2021). The only disputed element is whether the Personal Representative owns the Chinden Property. Riverside argues the Rule 70(b) judgment, which granted the Personal Representative ownership of the Chinden Property, is invalid. Thus, it contends that the Personal Representative lacks standing to bring the ejectment suit. On appeal, Riverside argues that (1) the dismissal of the case in *Smith* precluded the Rule 70(b) judgment issued in the Probate Case; (2) the district court erred by denying Riverside's motion for reconsideration; and (3) Riverside is entitled to costs on appeal and attorney fees after the case is remanded.

#### A. The Personal Representative has standing to bring a suit for ejectment because the dismissal of Joseph's claims in *Smith v. Smith* did not preclude the Rule 70(b) judgment in the Probate Case.

Riverside argues that the Personal Representative lacked standing to bring an ejectment action. It asserts that the dismissal of Joseph's claims with prejudice in *Smith* effectively

6

adjudicated the issue of ownership of the disputed properties in the Probate Case. Thus, Riverside maintains that since the order and judgment in *Smith* confirmed VHS's ownership of these properties, the Rule 70(b) judgment in the Probate Case, issued after the judgment in *Smith*, was barred by *res judicata*.

"Whether claim preclusion or issue preclusion bars re-litigation between the same parties of a prior litigation is a question of law upon which this Court exercises free review." *Ticor Title Co. v. Stanion*, 144 Idaho 119, 122, 157 P.3d 613, 616 (2007). "*Res judicata* is an affirmative defense and the party asserting it must prove all of the essential elements by a preponderance of the evidence." *Id.* "The doctrine of *res judicata* covers both claim preclusion (true *res judicata*) and issue preclusion (collateral estoppel)." *Id*. at 123, 157 P.3d at 617. "Separate tests are used to determine whether claim preclusion or issue preclusion applies." *Id*.

### 1.    *Claim preclusion does not apply.*

"Claim preclusion bars a subsequent action between the same parties upon the same claim or upon claims relating to the same cause of action." *Berkshire Invs., LLC v. Taylor*, 153 Idaho 73, 81, 278 P.3d 943, 951 (2012) (quoting *Stoddard v. Hagadone Corp.*, 147 Idaho 186, 190–91, 207 P.3d 162, 166–67 (2009) (internal quotations omitted)). There are three elements to a claim preclusion defense:

> Under this doctrine, a claim is also precluded if it could have been brought in the previous action, regardless of whether it was actually brought, where: (1) the original action ended in final judgment on the merits, (2) the present claim involves the same parties as the original transaction, and (3) the present claim arises out of the same transaction or series of transactions as the original action.

*Id.* "When the three elements are established, claim preclusion bars 'every matter offered and received to sustain or defeat the claim *but also as to every matter which might and should have been litigated in the first suit*.' " *Monitor Fin., L.C. v. Wildlife Ridge Estates., LLC*, 164 Idaho 555, 561, 433 P.3d 183, 188 (2019) (quoting *Magic Valley Radiology, P.A. v. Kolouch*, 123 Idaho 434, 437, 849 P.2d 107, 110 (1993)) (emphasis in original).

Claim preclusion "does not require resolution on the precise point or question in the present suit that was resolved in the first one." *Carter v. Gateway Parks, LLC*, 168 Idaho 428, 439, 483 P.3d 971, 982 (2020). Rather, it looks to the transaction underlying the prior action:

> Claim preclusion bars adjudication not only on the matters offered and received to defeat the claim, but also as to "every matter which might and should have been litigated in the first suit." In other words, when a valid, final judgment is

rendered in a proceeding, it "extinguishes all claims arising out of the same transaction or series of transactions out of which the cause of action arose."

*Ticor Title Co.*, 144 Idaho at 126, 157 P.3d at 620 (quoting *Magic Valley Radiology*, 123 Idaho at 437, 849 P.2d at 110). To determine what constitutes a transaction, the court looks to "such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." *Magic Valley Radiology*, 123 Idaho at 437, 849 P.2d at 110. Claim preclusion "may apply even when there is not a substantial overlap between the theories advanced in support of a claim, or in the evidence relating to those theories." *Id.* (quoting *Aldape v. Akins*, 105 Idaho 254, 259, 668 P.2d 130, 135 (1983)).

Riverside believes that both *Smith* and the Probate Case dealt with the issue of ownership of the Properties. Riverside argues that since the ownership of the land on which the trees were located was in dispute, the *Smith* court had to adjudicate the ownership issue. Riverside asserts that Joseph expanded his claim in *Smith* by including references to the dispute over ownership of the Chinden property in his amended complaint. The portion of the amended complaint referencing the dispute over ownership of the properties is found in paragraphs 8 and 9:

> 8. Defendant currently holds title to Decedent's property as the sole member of VHS Properties, LLC, an Idaho limited liability company.
>
> 9. Defendant's claim to ownership of such property has been challenged by Plaintiffs in Case No. CV-IE-2014-15352 in the Fourth Judicial District, Ada County [the Probate Case], by allegations of breach of fiduciary duty of Defendant to the Decedent in conveying her property into his name, and undue influence in the creation of a holographic will alleged by Defendant to grant him sole title to Decedent's property.

These paragraphs clearly reference the Probate Case, which was still pending at that time. However, the amended complaint did not ask the court in *Smith* to decide the issue of ownership of the Chinden Property because that issue was being determined in the Probate Case. Both Joseph and Vernon acknowledged that ownership was being resolved in the Probate Case.

Additionally, Riverside argues that its answer and counterclaim escalated the *Smith* case to include the issue of the ownership of the disputed properties. However, neither the parties nor the court in *Smith* even attempted to adjudicate ownership of the disputed properties. Therefore, nothing decided in *Smith* could have any preclusive effect on the issue of ownership of the land.

In sum, while ownership of the Chinden Properties was at issue in the Probate Case, tree removal along an easement was the issue in *Smith*. Therefore, it cannot be said that "the present claim ar[ose] out of the same transaction or series of transactions as the original action." *Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951. Accordingly, we need not consider the other two elements of claim preclusion. We hold that claim preclusion does not apply and next look to issue preclusion.

### 2.    *Issue preclusion does not apply.*

"Issue preclusion protects litigants from having to relitigate an identical issue in a subsequent action." *Ticor Title Co.*, 144 Idaho at 124, 157 P.3d at 618. The test for issue preclusion (also known as collateral estoppel) contains five elements and bars relitigation of an adjudicated issue when:

> (1) the party against whom the earlier decision was asserted had a full and fair opportunity to litigate the issue decided in the earlier case; (2) the issue decided in the prior litigation was identical to the issue presented in the present action; (3) the issue sought to be precluded was actually decided in the prior litigation; (4) there was a final judgment on the merits in the prior litigation; and (5) the party against whom the issue is asserted was a party or in privity with a party to the litigation.

*Id.*

The issue decided in the prior litigation must be identical to the issue presented in the present action. *Berkshire Invs.*, 153 Idaho at 81, 278 P.3d at 951 (quoting *Stoddard*, 147 Idaho at 190–91, 207 P.3d at 166–67). As explained under our analysis of claim preclusion, the same issue was not addressed in *Smith* as was presented in the Probate Case. *Smith* addressed whether Joseph could prevent Vernon from removing trees located on the Chinden Property, while the Probate Case determined who owned the disputed properties. Because the issues in *Smith* and the Probate Case did not concern the same issue, we need not consider the other elements of issue preclusion and hold that issue preclusion does not apply.

### 3.    *The Personal Representative has standing.*

We conclude that the Personal Representative was properly allowed to proceed with its action to eject Riverside from the "Chinden Property." The judgment issued in the probate proceedings pursuant to Rule 70(b) conferred standing on the Personal Representative. Nothing decided in the *Smith* case supports Riverside's res judicata defense. Accordingly, we hold that the Personal Representative had standing to bring the ejectment action and affirm the district court's decision.

### B.  The district court did not err in denying Riverside's Motion for Reconsideration.

On December 4, 2020, Riverside moved to reconsider the district court's decision and order entered November 18, 2020. It also moved to amend the judgment entered November 20, 2020, under Idaho Rule of Civil Procedure 59(e). In its opening brief on appeal, Riverside lists whether the district court erred by denying its motion for reconsideration as one of four issues presented on appeal. However, Riverside did not address or develop this argument further in its opening brief (or even in its reply brief). "Regardless of whether an issue is explicitly set forth in the party's brief as one of the issues on appeal, if the issue is only mentioned in passing and not supported by any cogent argument or authority, it cannot be considered by this Court." *Bach v. Bagley*, 148 Idaho 784, 790, 229 P.3d 1146, 1152 (2010).

Although the denial of the motion for reconsideration is subject to an abuse of discretion standard, *Fragnella*, 153 Idaho at 276, 281 P.3d at 113, Riverside did not address any of the *Lunneborg* factors or make any other cogent argument as to how the district court abused its discretion in its opening brief. *See Lunneborg v. My Fun Life*, 163 Idaho 856, 863, 421 P.3d 187, 194 (2018). Therefore, because we will not presume error, we affirm the district court.

## C. The Personal Representative is entitled to attorney fees on appeal.

Riverside argues that it is "entitled to an award of costs, with the issue of attorney fees reserved for the District Court to determine upon remand." The Personal Representative seeks attorney fees on appeal pursuant to Idaho Code section 12-121. In the alternative, the Personal Representative argues that the Court should "assess fees and costs against Vernon (and in favor of the PR) based on Idaho Appellate Rule 11.2."

Idaho Code section 12-121 states, "In any civil action, the judge may award reasonable attorney's fees to the prevailing party or parties when the judge finds that the case was brought, pursued or defended frivolously, unreasonably or without foundation." We conclude that Riverside brought this appeal unreasonably and without foundation. It is clear from *Smith* that the disputed ownership of the properties was not at issue in that case. Therefore, the dismissal of that case, even with prejudice, could not reasonably be viewed as having any preclusive effect in the Probate Case, which undeniably concerned ownership of the Chinden Property. Inasmuch as both issues raised on appeal were brought frivolously, unreasonably, and without foundation, the Personal Representative is awarded attorney fees pursuant to section 12-121.

## IV. CONCLUSION

Based on the foregoing, we hold that Personal Representative had standing to bring the suit for ejectment. Accordingly, we affirm the decision of the district court. The Personal Representative is awarded attorney fees pursuant to Idaho Code section 12-121. As the prevailing party, the Personal Representative is also entitled to an award of costs pursuant to Idaho Appellate Rule 40(a) as a matter of course.

Chief Justice BEVAN, Justices BRODY, STEGNER and ZAHN **CONCUR.**